No. 35,561

Hazel Bourman, *Plaintiff* (Revived in the Name of C. A. Ratliffe, Administrator of the Estate of Hazel Helen Ratliffe, *Appellee*), v. Charles Bourman, Jr., *Appellant.*

(127 P. 2d 464)

Opinion filed July 11, 1942.

*Carl I. Winsor,* of Wichita, argued the cause, and *John E. Boyer* and *Harlin E. Bond,* both of Wichita, were on the briefs for the appellant.

*J. Wirth Sargent,* of Wichita, argued the cause, and *W. D. Jochems, Emmet A. Blaes* and *Roetzel Jochems,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: The question presented is whether a judgment for alimony, payable in installments, may be revived by the administrator of the wife's estate as to the balance unpaid at the time of her death. The defendant appeals from an order reviving the judgment.

Hazel Bourman was granted a divorce from Charles Bourman on March 6, 1941. Confirming a stipulation entered into between the parties, the court gave "judgment against the defendant for alimony in the sum of $3,000." This amount was ordered paid at the rate of $80 a month, payable in semimonthly installments, with the proviso that at any time prior to full payment the monthly payments might be reduced to $60 a month upon proof satisfactory to the court that the defendant was not financially able to make the eighty-dollar payments. The judgment further provided that:

"The defendant shall retain as his separate estate all property, real and per-

sonal, tangible and intangible, in his possession at the time of the entry of this decree, and that the plaintiff shall retain as her separate estate and property, all property, real and personal, tangible and intangible, that she may now have in her possession."

On June 27, 1941, Hazel Ratliffe (Bourman) died, at which time $228 had been paid, in regular payments, on the judgment.

C. A. Ratliffe was appointed administrator of the estate of Hazel Ratliffe (Bourman) and filed a motion in the district court of Sedgwick county in which the divorce action had been prosecuted to revive the judgment in his name as administrator. After proper hearing, the motion was granted and the judgment revived in the amount of $2,680, the unpaid balance. From that order this appeal was taken.

Appellant contends that the judgment was purely a personal judgment for the sole benefit of the divorced wife, that her heirs have no lawful claim upon installments not due at the time of her death, and that all rights to payments subsequently to become due and intended solely for her support and maintenance, expired with her death.

Appellant concedes that if the judgment that was rendered might be considered as part of a property settlement, it should be treated as any other money judgment and would be subject to revivor. But he urges that the judgment for $3,000 was not only designated as "alimony," but that in a later paragraph of the judgment above quoted the property rights of the parties were fully determined. Appellee contends that viewing the judgment as a whole, based on the stipulation, the judgment for $3,000 was in reality a part of the whole settlement and might well be regarded as partaking of the nature of division of property. However, appellee does not rest his case upon that contention.

Our statute (G. S. 1935, 60-3220) dealing with revivor of judgment after death of parties, is as follows:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

It will be noted that the statute makes no exception for the case of judgments for alimony. But appellant calls attention to G. S.

1941 Supp. 60-3201, dealing with survival of "causes of action" which is as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud or for death by wrongful act or omission shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

The argument is that judgments for alimony did not survive at common law, and that since they do not fall within any of the special classes enumerated in 60-3201, they may not be revived under the statute. In the first place, this argument treats a revivor of a *judgment* as though it were the same as survival of a *cause of action* after the death, prior to judgment, of the party in whose behalf the cause of action existed. Obviously they are not the same. Judgments, in some cases, are subject to revivor, even though there would have been no survival of the cause of action upon death prior to judgment. We cannot therefore determine the issue by examination of the statute dealing with survival of causes of action, before judgment. It is true that G. S. 60-3221 provides that dormant judgments may be revived "in the same manner as is prescribed for reviving actions before judgment," etc., but that section clearly refers to procedure rather than to the substantive right of revivor.

Whatever force there may be in appellant's argument that the heirs of Hazel Ratcliffe should be given no right to subsequent payments intended solely for her benefit, the statute which gives the right of revivor makes no exception of alimony judgments and our decisions support appellee's contention that no such exception is recognized in this state even though the alimony judgment is to be paid in installments. Had the judgment required payment of the $3,000 in one lump sum on or before a date fixed and the defendant had defaulted and the plaintiff had died thereafter, the same argument might be made that her heirs would have no just claim upon the judgment. But in such a case there can be no question the judgment would be treated as any other money judgment.

Not only must judgments for alimony be for a fixed amount, under our statute (G. S. 1941 Supp. 60-1511) and our decisions, even though payable in installments, but they are final in character. (*Noonan v. Noonan,* 127 Kan. 287, 773 Pac. 409; *Conway v. Conway,* 130 Kan. 848, 288 Pac. 566; *Revere v. Revere,* 133 Kan. 300, 299 Pac. 595; *Catren v. Catren,* 136 Kan. 864, 18 P. 2d 134; *Calkins*

*v. Calkins,* 155 Kan. 43, 122 P. 2d 750; *Sharp v. Sharp,* 154 Kan. 177, 115 P. 2d 561.)

In the case of *Chumos v. Chumos,* 105 Kan. 374, 184 Pac. 736, the wife was awarded a fixed amount as alimony, to be paid in monthly installments. Upon her death, the executor of her will sought to revive the judgment as to the unpaid installments. Revivor was denied on the grounds that the decree specifically provided that in case of the wife's death before the judgment had been fully paid, the unpaid installments should be paid to the children. While the specific provision in that case presents a situation different from the one before us, it was said in the opinion:

"With reference to the effect of an award of alimony, the brief of the executor asserts that whatever is given the wife is hers absolutely and unconditionally, and not temporarily; . . . it is hers while she lives, and it belongs to her estate when she is dead. The court will agree with the executor whenever he presents a case of an award of money or property to the wife, outright unconditional, and without limitation." (p. 378.)

In *Bassett v. Waters,* 103 Kan. 853, 176 Pac. 663, the plaintiff was "awarded alimony in the sum of fifteen hundred dollars" to be paid in three annual installments. The plaintiff died before the last installment was due but she had previously assigned it, and the assignee was permitted to recover upon it. Appellant contends that the case is not persuasive here because the decree there had a provision that the alimony judgment should be in full "of all claims for alimony or on any other account against the husband." He argues that the phrase "on any other account" imparts to the decree the nature of a property settlement and therefore makes it different from a judgment for alimony only. However, there is nothing in the record to indicate that the phrase referred to division of property and it is given no weight in the opinion. The court said:

"The fact that the lump-sum judgment awarded the divorced wife was payable in three installments did not take from it the character of finality. (*Mayer v. Mayer,* 154 Mich. 386.) Whatever the rule may be in other states, judgments for alimony in the form and character of the one under consideration are final and conclusive, subject to assignment, and, in the absence of a reservation therein, may be enforced as ordinary judgments for debt are enforced." (p. 855.)

Decisions in jurisdictions which do not require that judgments for alimony be for a fixed amount, as our law provides, are not persuasive. And while it is generally held that the right to collect alimony payments terminates upon the death of the former wife in

cases where the alimony judgment is not for a fixed and unchangeable amount, it cannot be said that that is the rule where a gross sum—even though payable in installments—is awarded as alimony, upon absolute divorce. (17 Am. Jur. 474, § 609; L. R. A. 1916B 854.)

In any event, in view of our statutes above cited and our decisions holding that a judgment for alimony being for a fixed amount and not subject to subsequent modification is to be treated the same as any other money judgment, we find no grounds for denying a right to revive the judgment, in the name of the administrator.

The judgment is affirmed.