No. 37,311

Ada Johnson, *Appellant*, v. Otis Johnson, *Appellee*.

(207 P. 2d 948)

Opinion filed July 9, 1949.

*Myles C. Stevens* and *A. J. Herrod*, both of Kansas City, argued the cause, and *William H. Towers*, of Kansas City, was with him on the briefs for the appellant.

*David W. Carson*, of Kansas City, argued the cause, and *A. B. Howard*, of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for divorce and for the settlement of property rights, and from the judgment rendered the plaintiff appeals.

In her petition plaintiff alleged her marriage to defendant and that he had been guilty of gross neglect of duty and extreme cruelty. She also alleged that at the time of her marriage she was the owner of certain described real estate known as 613 Franklin street, Kansas City, Kan., and also certain personal property. She then alleged at length the acquisition of other real estate as well as the equipment for a cleaning business carried on in one of the properties. In her prayer, she asked for a divorce, for alimony, and for an attorney's fee; that she be awarded the property owned by her before her marriage; that she be awarded property subsequently purchased with her earnings and the cleaning business, the residence and furniture, and for other and further relief.

The defendant filed an answer admitting the marriage and denying all other allegations except those admitted by his cross petition. In his cross petition defendant alleged the plaintiff was guilty of extreme cruelty and gross neglect of duty. He also set up at great length his version of how the real estate and other property was acquired, and prayed for a divorce and for a fair and equitable division of the property.

Plaintiff's reply was a general denial.

After hearing the evidence, which went into considerable detail, the trial court rendered its judgment that plaintiff had not proved grounds for divorce from the defendant, and that defendant was entitled to a divorce from plaintiff on the grounds of extreme cruelty and gross neglect of duty. It then made findings of the value of the various pieces of real and personal property of the parties, the total so found being $27,037.50, and that all of the real property, except the property at 613 Franklin street, was property accumulated by the joint efforts of the plaintiff and the defendant, and that all of the property should be divided between them as equally as possible, and it then made such a division, allotting to plaintiff as part of her portion the real property at 613 Franklin street and a piano, chair and wardrobe, alleged by her to have been acquired and owned by her prior to the marriage. Plaintiff's motion for a new trial was denied and in due time she gave notice of intention to appeal and served her notice of appeal and duly perfected the appeal, specifying error in the particulars hereafter discussed.

Appellant first contends the trial court erred in denying her a divorce. Under this assignment she reviews the evidence of herself and her witnesses, and in effect, argues she established her cause of action. The trial court was bound to consider all of the evidence of both parties and to place thereon such weight as it thought proper. There was evidence to support the judgment in this particular.

Appellant's next contention is that there was no corroborating testimony to support appellee's testimony, and that the trial court erred in granting him a divorce. No purpose will be served by reviewing the marital troubles of the parties. We have read with care the abstract, supplemental abstract and counter abstract and conclude the appellee's evidence of appellant's extreme cruelty and gross neglect of duty was amply corroborated.

Appellant says the trial court erred in allowing the sum of $800 for improvements on her separate property. Her argument seems to be that the amount is wrong because the appellee did not prove he paid the entire amount. As we read the record the trial court did not so find. It found only that appellant's separate property had been improved in that amount. There was evidence to sustain that.

Appellant presents together her three specifications of error that the trial court erred in expanding and enlarging upon the issues joined by the pleadings, in departing therefrom and introducing the

issue of the value of the good will of the cleaning business and in considering that value in making the property division. The contention is that there was no direct evidence as to good will and its value. In a summary way it may be said that the appellee who was employed regularly and earning a substantial salary, started the cleaning business at which he and his wife both worked. As time went on she undoubtedly put in more time than he did, but from moneys which he supplied and the earnings of the business, it became a profitable going concern, occupying a site acquired by the earnings of both the parties, and it was clear from the evidence that as a business it had a value considerably in excess of the mere cost of the equipment in it. The trial court, which heard all of the evidence as to how the business was established, its conduct and earnings, expressed doubt as to the value of the good will but fixed it at $2,500. Appellant does not suggest that the good will had no value, she disagrees as to the amount, and argues that without that value being considered, the trial court did not divide the property as equally as possible between appellant and appellee, as the court found it should be. We are asked to reverse the trial court because it took the value of the good will into consideration. That cannot be done. In our opinion the trial court having heard the evidence, was justified in assigning a value to each and every asset of the parties in order to determine the total for division. It did that, and its conclusion may not be avoided because one of the parties did not agree with the values assigned.

While the appellant also says the trial court erred in admitting irrelevant, incompetent and immaterial testimony, she recognizes that it is presumed that it considered only the competent testimony. In any event, she does not point out any evidence erroneously admitted.

The argument on the ruling on the motion for a new trial is answered by what has been said.

Under G. S. 1947 Supp. 60-1511, the trial court is directed to restore to the wife the property owned by her before the marriage and not previously disposed of and to make such division between the parties as may appear just and reasonable of the real and personal property acquired by the parties jointly during their marriage, whether the title be in one or both of them. It is not necessary that we detail here the portions given to each party. Our examination of the record shows that the trial court, follow-

ing out its expressed intention to do so, assigned to the appellant the property owned by her prior to the marriage and that taken as a whole it made an equal division between appellant and appellee. There is no showing the trial court abused its discretion and its judgment is affirmed.