No. 38,333

OPALINE HENRY, *Appellee*, v. CHESTER B. HENRY, *Appellant*.

(232 P. 2d 473)

Opinion filed June 9, 1951.

*Elmer W. Columbia*, of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.*, both of Parsons, were with him on the briefs for the appellant.

*Oren Gray*, of Parsons, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The question in this case concerns the propriety of a division of property in a divorce case in which a decree of divorce was granted to the husband on account of the fault of the wife.

The parties were married in 1942 and for a time lived in Oklahoma. In 1944 they moved to a farm purchased by the husband, near Edna, Kansas. The wife had been married twice previously, both marriages ending in divorce. She had five children by those marriages. The husband had also been married twice previously, one of his former wives having died and his other marriage ending in divorce. He had no children as the result of either marriage, and there are no children as a result of this marriage.

In June, 1950, plaintiff wife brought an action for separate maintenance, alleging extreme cruelty and gross neglect of duty. Her petition was later amended to ask for a divorce. He answered with a general denial and cross-petitioned for a divorce on the grounds of gross neglect of duty and extreme cruelty. After hearing all of the evidence the lower court granted a divorce to the husband on the grounds alleged. By its decree the court awarded

to the husband certain household goods, the livestock and automobile of the parties, together with all real estate; and awarded to the wife certain household furniture and rendered a judgment in her favor in the amount of $6,600, payable at the rate of $550 monthly, such judgment to be a lien upon the husband's real estate until paid in full. He was ordered to pay the costs of the action, together with her attorney fees.

Defendant husband's motion for a new trial as to property rights being overruled, he has appealed. The wife has not cross-appealed from the judgment granting a divorce to her husband.

In this court the only question involved is whether the lower court, after granting a divorce to the husband, abused its discretion in making the award of property to the wife and in directing him to pay her attorney fee in the amount of $300.

Appellant concedes the matter of property rights is governed by G. S. 1949, 60-1511, which in part provides that when a divorce shall be granted by reason of the fault or aggression of the wife the court shall order restoration to her of the whole of her property owned by her before or by her separately acquired after the marriage and not previously disposed of—

". . . and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; . . ."

The precise question has been before this court many times and it has been uniformly held that under the statute a division of property rests in the sound discretion of the trial court. In the case of *Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127, it was held that it rests in the sound discretion of the trial court whether it will award any portion of the husband's separate property to the wife when the divorce is granted to the husband by reason of the fault of the wife. And in the very recent case of *Harris v. Harris*, 169 Kan. 339, 219 P. 2d 454, in which a number of our earlier decisions, including the Hayn case, *supra*, were referred to, it was again announced that where the divorce was granted to the husband a division of property will not be disturbed on appellate review unless it appears the statute has been disregarded or that the trial court's action in making such division is so unjust and unreasonable as to constitute an abuse of discretion. (See also *Johnson v. Johnson*, 167 Kan. 624, 207 P. 2d 948.)

We have made a careful review of the record before us and,

while it would seem that in view of the amount and kind of property owned by the parties the wife received a liberal award, yet we are unable to say the trial court was guilty of an abuse of discretion in making the award that it did. It is not the function of this court to retry divorce cases and divide property between husband and wife. We will, however, as we have done here, review the record for the purpose of determining whether a trial court's findings have a factual basis in the evidence and whether its discretion in the matter of a division of property has been abused. A review of this record convinces us that such discretion was not abused, and the judgment of the lower court is therefore affirmed.