No. 39,733

NORMA E. WALKER, (Formerly Norma E. Meschke), *Appellant*, v. MARVIN G. MESCHKE, *Appellee*.

(283 P. 2d 424)

Opinion filed May 7, 1955.

A. *Lewis Oswald*, of Hutchinson, argued the cause, and *William L. Mitchell* and *Patrick H. Thiessen*, both of Hutchinson, were with him on the briefs for the Appellant.

*Wesley E. Brown*, of Hutchinson, argued the cause, and *D. C. Martindell*, *W. D. P. Carey*, *Edw. B. Brabets*, *R. J. Gilliland*, *John F. Hayes*, *C. William Miller*, *Robert C. Martindell*, and *Jack C. Stewart*, all of Hutchinson, were with him on the briefs for the Appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This appeal is from an order of the district court refusing to change the custody of the minor children of the parties to plaintiff from defendant to whom the custody had been given by an order of the court.

The pertinent facts may be stated as follows: The parties were married April 15, 1941. On January 7, 1953, the appellant, as plaintiff, filed a suit for divorce against her husband. The petition was upon the grounds of gross neglect of duty and extreme cruelty and plaintiff asked for the custody of the children: Susan, then 10 years of age, and David Gus, then 8 years of age, for child support, alimony and costs. Defendant filed a motion for a bill of particulars which was allowed, and which plaintiff filed. On April 9, 1953, defendant filed an answer which was a general denial of the charges against him, and a stipulation which had been agreed upon between the parties which the court was asked to approve in the event a divorce was granted. On the same day the parties appeared in court. Plaintiff offered her evidence and the evidence of one witness. Defendant offered no evidence. The court granted plaintiff a divorce from defendant upon the ground of gross neglect of duty. The decree stated that neither of the parties should marry within six months. The court approved and rendered judgment in harmony with the stipulation of the parties, which gave plaintiff custody of the children, gave certain items of personal property to the children, gave plaintiff certain personal property, decreed that defendant pay plaintiff $30,200, $5,000 to be paid within five days and the remainder at the rate of $200 per month until the full amount was paid, and gave defendant the remainder of the property. It developed later the allowance of $200 per month was designed for the support of the children.

On September 8, 1953, defendant filed a motion asking the court to modify the judgment of April 9, 1953, in certain respects: to withdraw its approval of the agreement entered into by the parties on April 9, 1953, to remove the custody of the children from plaintiff, to enter an order giving such custody to defendant, and to vacate and set aside the judgment providing for payment to plaintiff of the sum of $30,200 for the following reasons:

"(1) That the Plaintiff Norma E. Meschke is not a fit and proper person to have the care, custody and control of the minor children of the Plaintiff and Defendant for the reasons:

"(a) That said Plaintiff is not, and has not been, conducting herself in a proper manner, and Plaintiff's conduct has been detrimental to the moral and physical well-being of said children;

"(b) That the Plaintiff has failed to abide by the orders of this Court and has, together with a male companion to whom she is not married, taken said children to Colorado without the consent of the Court or this Defendant in violation of the orders and judgment of this Court;

"(c) That a man, who is not Plaintiff's husband and Plaintiff have been, and are, living together as man and wife;

"(2) That the money judgment rendered herein was rendered to provide the Plaintiff with funds with which to support the minor children of Plaintiff and Defendant in a proper manner and such funds have not been, and are not being, so used;"

The motion further alleged that the judgment of April 9, 1953, was procured by fraud on the part of plaintiff in two named particulars. We shall not set these out for the reason in ruling upon the motion the court did not pass upon them. Notice of the hearing of this motion on September 12, 1953, at 9:00 o'clock A. M. was given to plaintiff.and her counsel. On September 11, 1953, a stipulation was filed which had been signed by plaintiff and defendant and their respective counsel. This stipulation authorized the court to change the custody of the minor children from plaintiff to defendant. It also authorized the court to vacate and set aside the part of the judgment of April 9, 1953, providing for the payment to plaintiff by defendant of $30,200. This stipulation was heard by the court on September 11, 1953; both parties were present in person and by their respective counsel. The court made an order changing the custody of the children from plaintiff to defendant, changing the sum to be paid to plaintiff by defendant by striking out the $30,200, and providing that plaintiff should retain the money paid to her under the decree of April 9, of $5,000 and the two $200 monthly payments which had been made. The court made some other minor changes in the decree which are not necessary to be noticed since no question is raised concerning them.

On October 10, 1953, the plaintiff married again and her present surname is Walker.

On July 10, 1954, plaintiff filed a motion asking the court for an order changing the custody of the children to the plaintiff, requiring payments for child support, and attorney fees in connection with the motion. After a hearing the court denied this motion, and this is the order from which the appeal is taken.

Upon the hearing of the motion a number of witnesses were called by each of the parties. We think it will be of no benefit to the parties to detail this testimony and we shall not do so. The court also had a private interview with each of the children and made statements respecting those interviews which he filed with the clerk of the court. The court also filed a memorandum opinion, portions of which we quote as follows:

"In my opinion the evidence introduced at the hearing on plaintiff's motion for change of custody establishes no present necessity for changing the order of September 11, 1953. The conditions under which the children are being cared for are not appreciably different from those which existed when, almost a year ago, the parties agreed that defendant should be their custodian. On the contrary, it appears reasonably certain, from the testimony adduced, they have been well maintained by the defendant in the family home under circumstances and in surroundings that are not subject to criticism.

"It is true that plaintiff's situation has been altered in that she is now married and, with her husband, resides in a house that is adequate, so far as rooms, grounds and other physical attributes and facilities are concerned, to house and shelter the children. However, plaintiff's home does not appear to be superior to that in which defendant is ministering to their welfare either as to material qualities and characteristics or in its proximity to desirable school and other essential facilities.

"Understandably, the children are subjected to conflicting emotions. They come from a home that has been broken and may hardly be expected to be as emotionally satisfied as those reared in an environment of a united household where mutual affection and regard cements all the constituent members. But from the testimony of those who have observed the youngsters with their father, and in his home, it seems evident that they are not discontented with their life with him. This conclusion is buttressed by statements of the children themselves, who have expressed affection for both parents, and, in private conversation with the Court, have declined to assert any decided preference for the abode of either. They appear to be reasonably happy, healthy and normal children.

"But while it is felt that, in view of all the circumstances shown by the evidence, a change of custody to plaintiff is not now justified, it is manifest that plaintiff not only should be accorded reasonable visitation rights, but that provision therefor should be made with considerable exactitude. . . ."

Since this part of the court's opinion is not questioned by either party we shall not quote it.

"Since this proceeding was initiated by plaintiff, and the Court cannot discern that it was precipitated by any obduracy on defendant's part, it is believed that no equitable case has been presented for the allowance of attorney fees, and plaintiff's application will therefore be denied.

"Jurisdiction is, of course, retained for the purpose of making such additional orders, and modifications thereof, as the Court may, in the future, determine to be advisable."

Judgment was rendered in harmony with the opinion of the trial court. Plaintiff timely filed a motion for a new trial which was argued to the court and overruled. Counsel for appellant in their assignments of error did not assign error of the court in overruling the motion for a new trial. Counsel filed a motion in this court to amend their assignments of error to include that. We

sustain that motion, but in fact the hearing before the court was on the motion for change of custody and our statutes, G. S. 1949, 60-3001 *et seq.*, do not provide for the filing of a motion for a new trial upon the hearing of a motion. So, the motion for a new trial was one addressed to the discretion of the trial court for reconsideration of its ruling upon the motion to change custody.

Counsel for appellant in their brief present as the issue presented, the following:

"The issue presented in this appeal is whether Susan and David Gus Meschke's mother, appellant herein, or their father, appellee, is the proper person to have the care, custody and control of them; Susan is 12 years of age; David Gus, 10 years of age."

This is a factual question presented to and determined by the trial court; it presents no legal question for our review.

However, later in the brief counsel for appellant present the following questions: "Trial court was extremely prejudiced against the appellant" and argue the same through some 25 pages or more of the brief. In this they point out a number of minor things which they contend show the prejudice of the trial judge, none of which is important. In fact, they disclose prejudice of counsel for appellant rather than the trial judge. In the argument in this court those facts were so thoroughly disclosed by argument of appellee that counsel for appellant in open court stated he had known the trial judge for many years, had been associated in business with him, and that he was convinced the judge was not prejudiced in the case. We have read all of the record carefully and conclude there was never any reason for presenting that question. The withdrawal of the question by counsel for appellant is commendable—their mistake was in presenting it in the first place.

Counsel next contend the trial court abused its discretion. We have examined that question carefully and find it has no more substantial basis than the contention that the trial judge was prejudiced. In fact, the record discloses that the trial judge was exceptionally careful throughout the trial, and he did give the plaintiff a measure of relief in the part of his memorandum opinion which we found it unnecessary to copy.

The result is the judgment of the trial court should be affirmed. It is so ordered.