No. 41,233

EMILY E. CHAPMAN, *Appellant,* v. PAUL L. CHAPMAN, now Roscoe E. Bunton, administrator of the estate of Paul L. Chapman, Deceased, *Appellee.*

(336 P. 2d 407)

Opinion filed March 7, 1959.

*George McGill,* of Wichita, argued the cause and was on the briefs for the appellant.

No appearance for appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal is from a judgment of the trial court, wherein a dormant judgment in a divorce action was revived, and from the overruling of appellant's motion for new trial.

As a result of the divorce action and trial, Emily (plaintiff below and appellant here) obtained a divorce from Paul, as defendant. The journal entry, dated December 7, 1956, in pertinent part reads:

"The court further finds that the defendant should have the bank account at Grant's Pass Oregon, and judgment for $1250.00 against the plaintiff payable at the rate of $100.00 per month, commencing $100.00 January 1, 1957, and $100.00 on the first of each calendar month thereafter until paid in full."

A further provision of the journal entry, which gives rise to the controversy and is the subject of the instant appeal, reads:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff pay to the order of the defendant the sum of $1250.00 as his share of

the division of the property, and payable at the rate of $100.00 per month, commencing $100.00 on January 1, 1957, and $100.00 on the first of each and every month thereafter until paid in full. And it is further ordered by this court, the said sum of $1250.00 shall be a *lien upon the property of the plaintiff* until paid in full." (Our emphasis.)

The latter-quoted portion of the journal entry was obviously a part of the property settlement between the parties.

Paul died on May 15, 1957, and on August 15, 1957, Roscoe E. Bunton was appointed administrator of Paul's estate. On November 6, 1957, Bunton filed a motion, under G. S. 1949, 60-3210, to revive the above latter-quoted portion of the journal entry which had become dormant by reason of Paul's death.

A motion filed by Bunton on October 16, 1957, was later withdrawn, and we do not attach sufficient importance thereto to discuss it herein.

Emily answered, in substance, that no money judgment had been entered in favor of Paul and against her and no money judgment had been entered that would survive Paul or become an asset of Paul's estate; that she in no manner was indebted to Paul's estate and by reason of Paul's failure to execute and deliver a quitclaim deed to her, she had been damaged in excess of $1,250.00.

On March 10, 1958, the trial court entered its judgment of revivor, and on March 24, 1958, overruled Emily's motion for new trial. Hence this appeal by Emily.

While Emily sets forth eighteen specifications of error, there is really only one paramount question involved and that is whether it was error for the trial court to enter its judgment of revivor.

The record shows that the amount of $1,250.00 was reduced by payments made prior to Paul's death to the amount of $850.00.

Where there was a fixed lump sum of alimony payable to a wife at fixed monthly amounts, which monthly amounts were subject to later modification, it was held that upon the wife's death the judgment as to the balance thereof remaining unpaid at her death could be revived by her administrator. *(Bourman v. Bourman,* 155 Kan. 602, 127 P. 2d 464.)

Child support payments when due become final judgments and may be collected in the same manner as other judgments. *(Haynes v. Haynes,* 168 Kan. 219, 212 P. 2d 312.)

Although the parties have not cited authorities involving property settlements, our limited research has revealed many cases involving property division. In *Johnson v. Johnson,* 167 Kan. 624,

625, 207 P. 2d 948, where an allowance of $800.00 was made to the husband for improvements on property previously owned by the wife, and the trial court assigned to the wife the property owned by her prior to the marriage, this court, in substance, stated that, taken as a whole, the trial court had made an equal division of property between the parties. No showing was there made that the trial court abused its discretion and its judgment was affirmed. (p. 627.) The above is contrary to Emily's contention that the trial court's allowance of $1,250.00 to Paul was not a judgment because this court therein referred to a division of property as a judgment.

Another case similar to the Johnson case is *Kelso v. Kelso,* 182 Kan. 665, 324 P. 2d 165, wherein an allowance of $15,000 was made to the husband for accumulation of personal property and improvements, by joint efforts of the parties, on the wife's property owned by her prior to the marriage. (p. 668.) Without setting out the trial court's ruling in full, it is sufficient to state that it was practically the same as the trial court's ruling in the case now before us, and in the opinion in the Kelso case it was held:

"There was substantial competent evidence to sustain the division of property made by the trial court, and a money judgment in favor of the husband pursuant to G. S. 1949, 60-1511, was properly made a lien upon the property of the wife . . .," (Syl. ¶ 2).

and, since the husband had made valuable improvements on real property owned by the wife prior to marriage and the property owned by her before her marriage was awarded to her, it was further held:

". . . a money judgment in favor of the husband based upon an equitable division of accumulations of property acquired during the marriage, including improvements to real property to which the wife had title, is proper." (Syl. ¶ 3.)

Similarly, in *Long v. Long,* 183 Kan. 641, 331 P. 2d 306, a division of property was likewise referred to as a judgment.

In view of these authorities, and others, we are forced to conclude the division of property made by the trial court was a judgment which could be revived pursuant to G. S. 1949, 60-3221, and the trial court did not err in reviving the judgment entered in favor of Paul in the original divorce action between Emily and him.

Judgment of revivor affirmed.