No. 42,691

BARBARA MAY WEBER (by ISABEL M. GREEN, Administrator of the Estate of Barbara May Weber, Deceased), *Appellant*, v. WARREN LAMARR WEBER, *Appellee*.

(371 P. 2d 147)

Opinion filed May 5, 1962.

*Thomas A. Bush*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Howard Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, *Richard Waters*, and *Bob Abbott*, all of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from decisions made by the district court in connection with a proceeding instituted by motion, under the provisions of G. S. 1949, 60-3220 and 60-3221, to revive a dormant alimony judgment.

The undisputed events leading up to the institution of the proceeding are necessary to a proper understanding of the appellate issues involved and should first be stated.

In what appears to have been a friendly divorce suit, at least so far as it related to a division of the existing property rights, Barbara May Weber, hereinafter referred to as Barbara, was granted a divorce from Warren Lamarr Weber, hereinafter referred to as Warren, by the district court of Geary County on August 16, 1957. By the terms of the divorce decree, approving a contract making disposition of the property and other rights of the parties, Barbara was awarded a judgment against Warren for $15,000.00, cash alimony, payable in stated installments.

Barbara left the Weber home in Junction City on or about the day the divorce was granted. Soon thereafter she and her mother, Isabel M. Green, who will hereinafter be referred to as Isabel or administrator, left Junction City for Colorado. They remained awhile in Colorado and then left for Las Vegas, Nevada, where they lived at the Thunderbird Hotel for a short time. Later they moved into an apartment.

The record as to how long the mother and daughter lived in Las Vegas is indefinite. However, it does disclose that in January and February, 1959, Barbara was back in Colorado and Isabel had returned to her home in Wichita. Later, and during the forepart of 1959, Barbara moved to Wichita where, following an automobile accident, she died intestate on August 10, 1959, leaving Isabel as her sole and only heir at law.

Subsequently, in probate proceedings not here in question, Isabel was appointed as administrator of Barbara's estate. Thereafter, and on November 22, 1960, the proceeding referred to in the first paragraph of this opinion was commenced by the administrator, in manner and form as indicated, in the district court of Geary County.

The motion to revive the judgment came on for hearing in due course before the district court. At the outset counsel for the re-

spective parties made it clear to the court the judgment was subject to revivor in the name of Isabel, as administrator of the estate of Barbara. They then announced in open court the only issues between them were founded on their respective differences as to the balance due from Warren to the administrator on the alimony contract and agreed to submit those issues to the court for its decision and judgment. Following these announcements the district court, sitting as a court of equity, proceeded to hear all evidence adduced by the parties, found that the judgment theretofore rendered in the case on August 16, 1957, should be revived against the defendant, Warren Lamarr Weber, subject to a credit on said judgment of payments theretofore made in the total amount of $14,467.00, leaving a balance on such judgment of $533.00, and then rendered judgment reviving the judgment of August 16, 1957, in the name of Isabel M. Green, administrator of the estate of Barbara M. Weber, deceased, in the amount of $533.00.

Thereupon Isabel, as administrator of the estate of Barbara, perfected an appeal from the foregoing decision and judgment and brings the case to this court under specifications of error to which we shall presently refer.

A preliminary question requires attention. Appellee's motion to dismiss the instant appeal, filed sometime before the case was set for hearing, was denied by this court with leave to renew at the hearing on the merits. The motion was renewed and argued in accord with the permission granted and has been considered. Contrary to Appellee's position, we hold that a motion for a new trial is neither necessary nor required in order to obtain appellate review of a decision rendered after a hearing in a proceeding such as is described in the first paragraph of this opinion. Therefore the motion to dismiss the appeal must be again denied. For decisions fully demonstrating that our statutes (G. S. 1949, 60-3001, *et seq.*) do not provide for the filing of a motion for a new trial upon the hearing of a motion see *Dole Irrigation Supply v. Knackstedt,* 186 Kan. 143, 144, 348 P. 2d 602; *Walker v. Meschke,* 178 Kan. 149, 153, 283 P. 2d 424; *Achenbach v. Baker,* 157 Kan. 292, 139 P. 2d 407; *Kessler v. Frost,* 103 Kan. 711, 713, 175 Pac. 967; *McDermott v. Halleck,* 65 Kan. 403, 69 Pac. 335.

A further recital of uncontroverted facts is required in order to insure a proper understanding of the issues.

During the course of the hearing on the motion the parties, who

will now be referred to as appellant and appellee, agreed that $8,-800.00 had been paid by appellee on the alimony judgment, prior to the death of Barbara by reason of the depositing, by appellee, of amounts totaling that sum to Barbara's account in the First National Bank of Junction City, in accord with the terms of the contract theretofore approved and made a part of the divorce decree by the district court. Later, and on oral argument in this court, counsel for appellant, with commendable candor, frankly admitted that an additional $100, in controversy in the court below and hence included in the appeal, had also been paid by appellee. Thus it appears that credits of $8,900.00 of the total credit ($14,467.00), allowed by the district court in connection with the revival of the judgment, are conceded to be proper and require no further attention.

The remaining credits allowed by the district court on the judgment, amounting to $5,567, are subject to review and for purposes of this appeal can be classed.

Class (1) includes:

(a) A claim that on February 10, 1959, while in Las Vegas, appellee paid for Barbara the sum of $3,000.00, pursuant to a statement of account presented to him by the Thunderbird Hotel, showing that while Barbara was in Las Vegas she became indebted to that institution in that amount on an account, which had never been paid.

(b) A claim that on August 16, 1957 (the date of the divorce decree), Barbara, while leaving the family home, preparatory to fulfilling her theretofore announced plan of moving to Las Vegas, surreptitiously picked up two checks, signed by the United Film Service, one for $270 and another for $250, belonging to appellee, which she subsequently cashed notwithstanding the fact that, under the terms of the divorce decree, appellee was the owner of the checks and she had no right, title or interest therein.

(c) A claim that in August 1959, immediately after Barbara's death, appellee paid the appellant $1,000 in cash in order to make provision for the payment of Barbara's funeral expenses.

Class (2) includes:

(a) A claim that in 1956 appellee made appellant and her husband a thirty day personal loan of $1,300 and that by a letter, dated after Isabel had been appointed as administrator of Barbara's estate, Isabel advised appellee he could deduct $800, which she and her

husband still owed on the loan, as a credit on the judgment. In passing we note the judgment was then an asset (*Chapman v. Chapman,* 184 Kan. 319, 320, 336 P. 2d 407; *Bourman v. Bourman,* 155 Kan. 602, 127 P. 2d 464) or Barbara's estate.

(*b*) A claim that Isabel, in the same letter, had agreed to credit such judgment with the sum of $247 by reason of interest due appellee on the above mentioned personal obligation of Isabel and her husband.

The record, as it relates to claims set forth in subdivisions (*a*), (*b*) and (*c*) of class (1), discloses no evidence to refute appellee's evidence to the effect that payments were made by him as therein indicated, for the benefit of his divorced wife. Indeed, from a factual standpoint, appellant makes no serious contention to the contrary. Under such circumstances we must assume the payments were made in the amounts and for the purposes indicated and that the trial court proceeded upon that basis in reaching its decision on the motion to revive the judgment.

So far as it relates to subdivision (*a*) of class (2) the record discloses evidence supporting the facts as therein set forth and stated. However, no such conclusion can be reached with respect to subdivision (*b*) of the same class. We find no evidence whatsoever to sustain appellee's position that Isabel, either expressly or by inference, ever agreed to credit Barbara's judgment with interest due, or claimed to be due, from her and her husband on their personal obligation.

Appellant specifies error on the part of the trial court in allowing appellee the three items, heretofore set forth in class (1) as credits on the original alimony judgment. Conceding the payments therein described were made in the manner and for the purpose previously mentioned, the essence of all contentions advanced by her with respect to the allowance of these claims is that, as a matter of law, such payments do not constitute credits which the court was authorized to allow against the judgment in a proceeding, such as is described in the first paragraph of this opinion. Let us see. We know of, and have been cited to, no Kansas cases where the question thus raised has been considered or decided. Moreover, our research discloses no decisions from foreign jurisdictions where it has been held that a district court, which originally rendered the alimony judgment, is powerless to allow credits of the kind in question when, by motion, it is called upon, under the conditions and circumstances

here involved, to sit as a court of equity and revive its prior dormant judgment under the provisions of G. S. 1949, 60-3221.

Therefore, having carefully considered the matter, we hold that in this jurisdiction where the parties proceed by motion to revive a dormant alimony judgment under the provisions of G. S. 1949, 60-3221, the district court, under conditions and circumstances such as have been heretofore related, sits as a court of equity with power and authority to determine whether payments, claimed to have been made by the alimony judgment debtor for the benefit of the alimony judgment creditor, were made in the amounts and for the purposes claimed; and that when, based on evidence submitted, at the hearing of such a proceeding, the district court finds payments were made in amounts claimed for the benefit of the judgment creditor that tribunal, in the exercise of sound judicial discretion, has power and authority to allow the alimony judgment debtor credit for such payments in its determination of the amount for which the dormant judgment will be revived. We further hold that when a dormant alimony judgment is revived under the related conditions and circumstances this court, on appeal, will not disturb credits allowed by the trial court in reviving such judgment unless the record fails to disclose any substantial evidence sustaining their allowance.

After carefully reviewing the record we are convinced it discloses some substantial evidence to warrant the trial court's action in allowing the three items (see class 1 [a], [b] and [c]) now under consideration as credits against the alimony judgment. Therefore it cannot be successfully argued the trial court erred in crediting those items against such judgment.

Appellant also claims that the trial court erred in allowing the two items, heretofore set forth in class (2), as credits on the alimony judgment. Heretofore we have indicated there was no evidence to sustain the credit, fully described in subdivision (b) of class (2), claimed by appellee.

We therefore turn to the claim made by appellee in subdivision (a) of class (2), which is the only remaining claim involved. Arguments advanced by the parties with respect to this item will not be labored. It suffices to say: First, that the record discloses no evidence to establish that the loan made by appellee to Isabel and her husband was Barbara's debt or that she had ever incurred any obligation whatsoever to pay it, hence it cannot be said appellee's

attempt to charge the amount of such item against the judgment inured to Barbara's benefit. Second, that Isabel, in promising, as an individual, to pay appellee the amount which she and her husband still owed him on their personal loan, had no power or authority to obligate Barbara's estate to pay that obligation. It follows the trial court erred in allowing appellee credit on the alimony judgment for the amount of the item claimed by him in subdivision (*a*) of class (2).

What has been heretofore stated and held requires that the action of the district court in reviving the dormant alimony judgment must be affirmed in part and reversed in part with directions to revive such judgment in the name of Isabel M. Green, administrator of the estate of Barbara May Weber, deceased, in the amount of $1,580.00.

It is so ordered.