No. 43,985

Ida Hortense Darr, *Appellee*, v. James J. Darr, *Appellant*.

(400 P. 2d 721)

Opinion filed April 10, 1965.

*J. Willard Haynes*, of Kansas City, argued the cause and was on the brief of the appellant.

*Marvin E. Rainey*, of Overland Park, argued the cause and *Lyndus Arthur Henry, Buford L. Shankel, David Russell Gilman*, and *Gwendolyn V. Falkenberg*, all of Overland Park, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is a divorce action. Defendant husband has appealed from the judgment as it pertains to alimony and division of property. No complaint is made with respect to the divorce being granted to the wife.

The parties, who were in their late forties at the time of the divorce, had been married twenty-two years. They had one son who became twenty-one a few months after the divorce. The husband had worked for the Santa Fe Railway for twenty-four years and at the time of trial was employed as conductor on the extra board. The wife at the time of trial was employed by an insurance company as an audit clerk. The record established that during their married life they had accumulated very little in the way of property—so far as net assets are concerned.

The decree sets forth the property owned by the parties and the disposition made of it. Rather than attempt to summarize we quote the decree in full:

"The Court makes the following findings, orders and decision:

"1. Plaintiff is granted a divorce from the defendant on the grounds of gross neglect of duty and extreme cruelty.

"2. The Court finds that the parties have acquired the following property during the marriage relationship with valuations determined as follows:

| | | |
|---|---:|---:|
| Residential real estate value | $18,000.00 | |
| Mortgage | 14,142.05 | |
| | | $3,857.95 |
| Household goods | | 500.00 |
| 1960 Pontiac | | 1,300.00 |
| 1958 Chevrolet station wagon value | 500.00 | |
| Mortgage ABC Finance | 425.00 | |
| | | 75.00 |
| Guns | | 300.00 |
| **Total** | | **$6,032.95** |

"3. Plaintiff is awarded as her separate property the residential real estate subject to the mortgage thereon—$3,857.95; household goods—$500; and the 1960 Pontiac automobile—1,300; said items totaling $5,657.95. The plaintiff is further granted a judgment against the defendant in the sum of $17,400.00 payable at the rate of $200.00 per month beginning as of December 1, 1963. $20,000.00 of the property and judgment granted to the plaintiff is designated as permanent alimony; the remainder constitutes the plaintiff's share in the division of property.

"4. The defendant is awarded as his separate property the 1958 Chevrolet station wagon subject to the mortgage thereon and the guns in his possession.

"5. Plaintiff is to assume and pay off the following indebtedness incurred during the marriage:

| | |
|---|---:|
| Sears | $64.91 |
| Pacific Finance | 14.00 |
| Plaintiff's mother | 300.00 |

"6. Defendant is to assume and pay off the following indebtedness incurred during the marriage:

| | |
|---|---:|
| Production Credit | $1,500.00 |
| Insurance loan | 460.00 |
| Dial Finance | 360.00 |
| Best Equipment Company | 185.00 |
| Clothing bill | 58.00 |
| Macys | 11.28 |
| 1963 personal property tax | 111.58 |

"7. No custody order is made regarding the minor son of the parties; however, the defendant is ordered to pay support money for his son's education in the total amount of $700.00 payable $400.00 on January 1, 1964, and $300.00 on March 1, 1964.

"8. It is further ordered that each party execute such instruments of conveyance as may be necessary in order to carry out the provisions of this decree.

"9. This divorce shall not become absolute nor take effect for the purpose of remarriage to any third person for a period of six months from this date.

"10. Plaintiff's attorney is allowed an additional fee of $150.00, which is taxed as part of the costs, and all the costs are taxed against the defendant.

"Dated this 5th day of December, 1963."

Counsel for defendant husband in this appeal—and who did not represent him in the trial court, vigorously contends that—all things

considered—the court abused its discretion in making the award and particularly with respect to the judgment for $17,400.00 payable at the rate of $200.00 per month, and the order requiring payment of $700.00 for the son who was approaching twenty-one years of age.

With equal vigor, counsel for plaintiff wife contends the record fully sustains the alimony and division of property award and that, considering the wide latitude and discretion reposed in a trial court relative to property matters in a divorce action—the judgment should and must be upheld.

Rules applicable to alimony, division of property, and related matters in divorce actions have been stated so many times there is no occasion to repeat them here (*Sowden v. Sowden*, 160 Kan. 291, 160 P. 2d 653; *Carlat v. Carlat*, 168 Kan. 600, 602, 215 P. 2d 200, and the many cases cited in those opinions). It is not the function of this court to retry divorce cases and divide property between husband and wife. It is our function, however, to review the record for the purpose of determining whether a trial court's findings have a factual basis in the evidence and whether its discretion in the matter of a division of property has been abused (*Henry v. Henry*, 171 Kan. 307, 309, 232 P. 2d 473; *Goetz v. Goetz*, 180 Kan. 569, 578, 306 P. 2d 167).

To detail the evidence in this case would serve no purpose whatever. We have studied the record and, taking into consideration all matters such as the age of the parties, the years they had been married, their present and future earning capacities, the value and nature of the property involved, the fact the son was in college at the time of the divorce, the indebtedness of the parties and the order made with respect to payment thereof, the ability of the husband to comply, and other matters and things naturally flowing from a divorce—have concluded that the money judgment in the amount of $17,400.00 ordered to be paid at the rate of $200.00 a month—is excessive, and should be reduced by the sum of $5,000.00 and made payable at the rate of $150.00 per month. The decree is therefore modified to the extent that the money judgment in the amount of $17,400.00 payable at the rate of $200.00 per month is reduced to the sum of $12,400.00 and is ordered to be paid at the rate of $150.00 per month. In all other respects the decree is permitted to stand.

The judgment, as modified—is affirmed.