Chumos v. Chumos.

<hr />

No. 18,599.

MARIA CHUMOS (A. D. CHACONA, as Executor of the Estate of Maria Chumos, Deceased, *Appellant*), v. CONSTANTINE G. CHUMOS, *Appellee*.

SYLLABUS BY THE COURT.

1. DIVORCE—*Judgment for Alimony and Adjusting Property Rights—Death of Divorced Wife—Revival of Judgment by Executor*. In a divorce proceeding a judgment was rendered in favor of the wife, giving her the custody of the children and adjudging that she and the children be given a certain sum as alimony, payable in installments, and that certain personal property of her own should be restored to her. She removed to another state and took one of the children with her, as she was permitted to do under the judgment, and she died while living there. Some of the payments of alimony which had accrued had not been paid. A court of that state appointed an executor of her estate and some one else as guardian of the child. Subsequently the child was taken out of the country, and this was done with the knowledge and consent of the executor of her estate. It is held that the executor of her

3—93 KAN.

estate was entitled, upon a proper application, to have the judgment in the divorce proceeding awarding alimony and adjusting the property rights of the deceased wife revived.

2. SAME—*Executor—No Custody nor Control Over Minor Children.* As the executor was not the guardian of the child nor responsible for its custody and care the fact that he may have had knowledge of or given his consent to the removal of the child from the country is not a sufficient ground for refusing his application for a revival of the judgment.

3. REVIVOR OF JUDGMENT—*No Discretion with the Court.* The right to revive a judgment in the name of the representative of a deceased judgment creditor is not a matter of discretion with the court, but when an application by a proper party is made in due form and within the time prescribed by statute the order of revivor must be granted as a matter of right.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 10, 1914. Reversed.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellant.

*Leonard S. Ferry, Thomas F. Doran,* and *John S. Dean,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a ruling refusing to revive a judgment. In a divorce action a judgment was rendered granting Maria Chumos a divorce from Constantine G. Chumos and awarding her the custody of their three children upon the condition that if she should leave the jurisdiction of the court she might take the youngest child, a daughter, with her, but in such case she was required to deliver the other two children to their father, to be cared for by him until her return. It was also adjudged that she and the children be granted alimony in the sum of $12,000, to be paid in monthly installments of $75. It appears that he had obtained a certificate issued in her favor by a bank of Greece for eleven thousand drachmas and had

pledged it to the Central National Bank of Topeka for a debt of his own, and it was adjudged that as soon as he obtained the release of the certificate and had deposited it with the clerk of the court a credit should be given to him for the amount of the same on the alimony award of $12,000, and it was further adjudged that he be prohibited from pledging or using her certificate for any other of his debts. Shortly after the judgment was rendered Maria Chumos removed to Pennsylvania, taking with her the youngest child, who was then about three years of age. After removing from Kansas, and on January 6, 1912, Mrs. Chumos died at Oil City, Pa. Soon afterwards her brother, A. D. Chacona, was appointed by a court of Pennsylvania and duly qualified as executor of her estate. It also appears that the Pennsylvania court appointed some one other than Chacona as guardian of the infant daughter, and that subsequently this child was taken to Greece with the knowledge and consent of Chacona. A motion was made by Chacona, as executor of the estate of Maria Chumos, deceased, to revive the judgment given in the divorce proceeding, and on October 12, 1912, the motion was refused upon the ground that Panagiota Chumos, the infant daughter, had been removed from this country to Greece with the knowledge and consent of Chacona, the executor, and it was therefore adjudged that he had no standing in court to ask for a revivor, and that his motion would not be considered until he returned or caused the return of Panagiota Chumos to the jurisdiction of the district court.

In support of the ruling it is contended that upon the death of Maria Chumos the natural guardianship of the daughter devolved upon the father, Constantine G. Chumos, and that thereafter the domicile of the father became the domicile of the child. *Modern Woodmen v. Hester*, 66 Kan. 129, 71 Pac. 279, is an authority for this contention. It appears, too, that the probate court of Shawnee county, where the father resides, has recently appointed him as guardian of his children.

Shortly after the granting of the divorce the mother gave the custody of the two sons to the father and he cared for them until the death of Nicholas, and ever since that time has cared for the son George, and now desires and has taken steps to obtain the custody of his daughter. In the judgment of divorce it was provided, among other things, that in case the custody of the children, or any of them, was thereafter changed from the mother to the father the court was at liberty to reduce the award of alimony, and that if the mother should die or marry again before the entire award had been paid the remaining payments should be made to the children. A number of the monthly payments that had accrued to her and the children prior to her death were not paid by the father. The right of the father to the custody of his daughter, which may be conceded, and her unauthorized removal to Greece have no direct bearing upon the question of revivor. The judgment sought to be revived involved property rights held by Mrs. Chumos at the time of her death which required the determination of the court. She owned the certificate for eleven thousand drachmas, which is the equivalent of about $2015 and which her husband was required to return. Payments of alimony which had accrued prior to her death had not been made. These amounts belonged to her estate, and if the judgment was permitted to die they would be lost to the estate, to her children, and to those legally entitled to the estate. Chacona is the personal representative of the deceased, and it is his duty to take such action as will preserve the assets of the estate and make a proper distribution of it. To do so it devolved on him to procure a revivor of the judgment which was record evidence of the indebtedness to the estate. Being the personal representative of the deceased, he was entitled to have the judgment revived as to these property rights, providing compliance was made with the conditions of the code authorizing a revivor. Upon the death of a plaintiff

the action is to be revived in the name of the represent-
ative. to whom the right has passed, providing it is
done in the prescribed way and within two years after
the death of the plaintiff.   (Civ. Code, §§ 428, 437.)
Under a somewhat similar provision the supreme court
of Ohio held that the right to revive "is not dependent
on the discretion of the court or of the judge making
the order, but, under the conditions and within the time
therein limited, is a matter of right." (*Carter v. Jen-
nings,* 24 Ohio St. 182, 188.)

In *Gillette v. Morrison,* 7 Neb. 263, it was held, on a
motion to revive after the death of a party, that the
merits are not open to consideration, and the only ques-
tion for decision is, Has the party died and who are his
representatives and heirs that are entitled to substitu-
tion.   It was also held that if the application was in
due form and made within the prescribed time the order
of revivor must be granted as a matter of right.   Here
there is no question as to the representative capacity of
Chacona nor to the form; of the motion which he has
made, neither is there any contention that it was not
made in good time.   The only objection is that the
daughter of the deceased was taken to Greece with the
knowledge and consent of Chacona.   However, he was
not the guardian of the child and was in no way re-
sponsible for her custody.   His consent to the removal
conferred no right on any one and was wholly ineffec-
tual.   As executor he had no function to perform with
respect to the custody of the child, he had no respon-
sibility as to the actions of its guardian, and he could
not, by consent or otherwise, do that which would affect
the rights of those entitled to her custody.   The fact
that he knew or consented to her removal did not de-
prive him of his official position as executor nor take
away his right to a revival of the judgment.   The re-
vival of the judgment will not prevent the court from
regulating the payments of alimony in accordance with
the provisions of the judgment and the changed con-

ditions nor from ordering the withholding of payment of the adjudged alimony until the child is returned to the custody of her legal guardian.

The decision of the court will be reversed with directions to allow the motion and to enter an order of revivor.