[Civ. No. 14176.   Second Dist., Div. Two.   Nov. 24, 1943.]

K. W. THOMPSON, Respondent, v. MARIE E. COOK et al., Appellants.

Hankins & Hankins and Olin F. Nuckolls for Appellants.

George W. Zent for Respondent.

WOOD (W. J.), J.—A default judgment in the sum of $4,012.29 was entered on February 13, 1936, in favor of Leonard B. Colton and against defendants. Thereafter K. W. Thompson was substituted as plaintiff. Hereinafter the original and the substituted plaintiff will be referred to as plaintiff. At an execution sale held on August 17, 1936, the sheriff sold to plaintiff for the full amount of the judgment certain real estate situated in Glenn County and thereupon satisfied the judgment of record. An action was commenced in the Superior Court of Glenn County on June 4, 1937, by Glenn-Colusa Irrigation District to quiet its title to the land which had been sold to plaintiff at the execution sale, plaintiff herein being named as party defendant. Plaintiff herein appeared in that action and contested the right of Glenn-Colusa Irrigation District to a decree quieting title, and on April 13, 1938, judgment was entered in favor of Glenn-Colusa Irrigation District quieting its title to the real estate involved. An order was made on June 9, 1938, granting plaintiff's motion under section 708 of the Code of Civil Procedure to revive the judgment herein on the ground that the real estate sold under execution sale in Glenn County was not subject to execution and sale. Defendants received written notice of the

order granting this motion on October 15, 1938. Defendants filed a motion on March 12, 1941, to vacate the order reviving the judgment, which motion was denied on March 17, 1941. Defendants thereupon appealed from the order denying their motion to vacate the order reviving the judgment and on July 15, 1942, the Supreme Court reversed the order of the superior court, the basis of the ruling being that defendants had not received notice of plaintiff's motion to revive the judgment. (*Thompson* v. *Cook*, 20 Cal.2d 564 [127 P.2d 909].) The remittitur was received from the clerk of the Supreme Court on August 17, 1942, and on September 11, 1942, plaintiff served and filed a notice of motion to revive the judgment. From the order granting this motion, entered on February 1, 1943, defendants prosecute this appeal.

The real estate involved had stood in the name of one of the defendants, who became delinquent in the payment of assessments due the irrigation district. The property had been deeded to Glenn-Colusa Irrigation District by collector's deeds issued on September 5, 1935, recorded in the official records of Glenn County on September 12, 1935, which were based on a certificate of sale issued in October, 1932. A second set of deeds was obtained by Glenn-Colusa Irrigation District on August 22, 1936, five days after the execution sale. Defendants contend that the last mentioned deeds were the only valid ones and that there was a period of five days between the execution sale and the delivery of the deeds in which the property sold under execution could have been redeemed. Plaintiff contends that the deeds issued prior to the execution sale to Glenn-Colusa Irrigation District were valid and that defendants had no title to or interest in the real estate in question on the date of the execution sale.

▉ Section 708 of the Code of Civil Procedure is remedial in character and ' should be liberally construed. (*Betty* v. *Superior Court*, 18 Cal.2d 619 [116 P.2d 947].) ▉ Land belonging to a third party is property "not subject to execution and sale" within the meaning of the section. (*Hitchcock* v. *Caruthers*, 100 Cal. 100 [34 P. 627].) ▉ Plaintiff has received nothing of value but his judgment stood satisfied of record before the entry of the order from which the appeal is prosecuted. The Superior Court of Glenn County has decreed by a judgment rendered after the execution sale that the Glenn-Colusa Irrigation District is the owner of the real estate sold under execution and that plaintiff has no interest therein. In view of these circumstances it is clear that the

court acted properly in granting the motion to revive the judgment. We do not see any occasion to pass upon defendants' assertion, which is stoutly contested by plaintiff, that the deeds of December 5, 1935, were prematurely executed.

Defendants contend that plaintiff's "cause of action" is barred by sections 336 and 685 of the Code of Civil Procedure. These sections concern situations very different from the one now before us. Section 685 refers to an application for the enforcement of a judgment after the lapse of five years from the date of the entry of the judgment. Section 336 provides that an action upon a judgment must be commenced within five years. In *Merguire* v. *O'Donnell*, 139 Cal. 6 [72 P. 337, 96 Am.St.Rep. 91], it was held that the only statute of limitations applicable to the remedy under section 708 is section 343 of the Code of Civil Procedure, which provides: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." In the Merguire case the assignee of the judgment was the purchaser at the execution sale. After the sale the judgment was satisfied. Thereafter an action was commenced to quiet title to the real estate sold under execution and it was finally determined on appeal that the sale was void and title to the property was quieted in the defendant. Sixteen days after the remittitur was issued in the quiet title action the plaintiff presented a motion under section 708 of the Code of Civil Procedure to revive the original judgment. The order of the trial court denying this motion was reversed on appeal. It was held that the plaintiff's remedy under the statute did not arise until the quiet title action was finally determined against him and that the statute of limitations did not begin to run until that time.

Defendants point to the date of the judgment in the quiet title action in the present case, April 13, 1938, and assert that more than four years elapsed between that date and the filing of the motion to revive the judgment, from the granting of which the present appeal is taken. But the record shows that plaintiff acted promptly after the entry on April 13, 1938, of the judgment in the quiet title action and on June 9, 1938, obtained an order to revive the judgment. This order was not reversed until the remittitur was received from the Supreme Court on August 17, 1942. Plaintiff filed his second motion to revive promptly thereafter. During the pendency of the appeal from the order denying defendants' motion to vacate the order of June 9, 1938, the running of the statute of limitations was tolled and plaintiff could file

the second motion within one year from the receipt of the remittitur without encountering the bar of the statute. (Sec. 355, Code Civ. Proc.; *Archer* v. *Edwards,* 19 Cal.App.2d 253 [65 P.2d 115]; *Kenney* v. *Parks,* 137 Cal. 527 [70 P. 556].)

There is no merit in defendants' contention that plaintiff should be denied relief because he is guilty of laches. Defendants alone are subject to criticism under the doctrine of laches, for they delayed from October 15, 1938, the date upon which they were notified of the first order reviving the judgment, until March 12, 1941, when they filed their motion to vacate the order.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.