No. 44,092

First Federal Savings & Loan Association of Coffeyville, *Appellee*, v. T. Richard Liebert as Executor of the Estate of Harrison S. Tanner, also known as H. S. Tanner, Deceased, *Appellant*.

(403 P. 2d 183)

Opinion filed June 12, 1965.

*T. Richard Liebert*, of Coffeyville, argued the cause, and *Frank W. Liebert*, of Coffeyville, was with him on the brief for the appellant.

*Paul A. Lamb*, of Coffeyville, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the district court reviving a dormant judgment.

On July 19, 1957, First Federal Savings & Loan Association of Coffeyville, plaintiff-appellee, recovered judgment against Harrison S. Tanner in the amount of $5,124.20 in a real estate foreclosure action and the judgment was made a lien upon the described real estate. No execution or order of sale was issued thereon and no revivor proceedings had within six years from the date of judgment, and the mortgage was released of record under the provisions of G. S. 1949, 67-314.

We are concerned in this appeal only with the order reviving the money judgment. The judgment became dormant July 19, 1962, by virtue of G. S. 1949, 60-3405, which provides that if execution shall not be issued within five years from the date of the judgment or of the last execution thereon, such judgment shall become dormant. On December 2, 1963, plaintiff filed its motion to have the judgment revived, and before the motion was heard Tanner died on December 15. On May 20, 1964, T. Richard Liebert, hereinafter referred to as appellant, was appointed and qualified as executor of Tanner's estate. On June 1 plaintiff filed a motion

and notice of hearing of the same to revive the dormant judgment, and service was had upon the named executor of Tanner's estate.

Pursuant to a summons caused to be served upon him requiring him to plead to the motion to revive the dormant judgment, the appellant filed his written objections to the motion, stating he was not the proper party, that the court had no jurisdiction over his person as executor, and asking that the summons and motion of the plaintiff be quashed.

On the issues joined, the trial court, on July 1, found that the trial and entry of judgment, the order quashing the order of sale, and all other proceedings had prior to the filing of the present motion to revive the dormant judgment were had and done under the provisions of G. S. 1949, chapter 60, article 32, and that the present motion to revive the dormant judgment was filed after the new code (K. S. A., Ch. 60, Art. 24) became effective. Under the provisions of K. S. A. 60-2608 the trial court applied both the prior and existing provisions of the code where applicable and revived the action in the name of T. Richard Liebert as executor of the estate of Harrison S. Tanner, deceased. From this order of revivor the executor appeals.

A revivor of a judgment is purely statutory in its origin and can be accomplished only in the manner and under the conditions prescribed by statute.

G. S. 1949, 60-3209, provides that the order of revivor may be made by a motion of the adverse party suggesting the death of the party against whom revivor is sought and the names and capacities of his representatives or successors, and G. S. 1949, 60-3213, provides that upon the death of a defendant in an action wherein the right survives against his personal representatives, the revivor shall be made against them.

Appellant concedes he was served with the notice and motion to revive the dormant judgment. The record reveals the forms of the same were in compliance with the pertinent statutes. Thus, T. Richard Liebert, having been duly appointed and qualified as executor of Tanner's estate, is a proper party in the instant case, being decedent Tanner's personal representative.

G. S. 1949, 60-3220, provides that if either or both parties die after judgment but before satisfaction thereof, their representatives may be made parties in the same manner as is prescribed by reviving actions before judgment. This court has long adhered to the rule

that the right to revive a judgment in the name of the representative of a deceased judgment debtor is not a matter of discretion with the court, but when an application by a proper party is made in due form and within the time prescribed by statute, the order of revivor must be granted as a matter of right. (*Chumos v. Chumos,* 93 Kan. 33, 143 Pac. 420.)

G. S. 1949, 60-3221, provides: "If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant." In *Butler v. Rumbeck,* 143 Kan. 708, 709, 56 P. 2d 80, it was stated that this court has always construed our revivor statutes to the effect that the judgment creditor has an absolute right, if he proceeds within the requisite time, to have a dormant judgment revived. And in the instant case the provisions of the mentioned statutes were complied with.

Appellant questions the court's jurisdiction of his person and the subject matter. We need not cite authorities to sustain the universally accepted rule that when a party appears generally in an action the court obtains jurisdiction as to his person. (*Buehne v. Buehne,* 190 Kan. 666, 672, 378 P. 2d 159.) Furthermore, it is also settled law that the trial court which rendered the judgment is the only court with jurisdiction to revive the judgment rendered by it, irrespective of any incidental proceedings elsewhere. (*Rodgers v. Smith,* 144 Kan. 212, 219, 58 P. 2d 1092.)

We have carefully considered other issues raised by the appellant and find they are without sufficient merit to justify reversal. In the instant case the judgment creditor, in compliance with our statutes, had properly filed its motion and given notice to the decedent's representative.

The order of the trial court in reviving the judgment against T. Richard Liebert as executor of the estate of Harrison S. Tanner, deceased, was proper, and its judgment is affirmed.