(609 P.2d 1177)

No. 50,792

RITA ANN CLARK, *Appellee,* v. STANFORD P. GLAZER, *Appellant.*

Opinion filed April 25, 1980.

*Thomas Francis Sullivan,* of McDonald & Dykes, of Overland Park, for the appellant and cross-appellee.

*Phillip A. Miller* and *William Grimshaw,* of McCaffree & Grimshaw, Chartered, of Olathe, for the appellee and cross-appellant.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: The issue in this case is whether equitable estoppel will prevent a judgment from becoming dormant and eventually barred under K.S.A. 60-2403. We hold it will not.

The judgment in this case was one for alimony, entered in the parties' divorce action on June 27, 1968. The pertinent provision was:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay the plaintiff as and for alimony the sum of Four Hundred Fifty ($450.00) Dollars per month until her death or remarriage; *provided, however, that so long as his income, exclusive of car allowance, is Seven Hundred. ($700.00) Dollars per month or less, there can be no execution levied on that order;* at that time he will pay to the plaintiff the sum of One Hundred ($100.00) Dollars per month alimony, and the balance shall accrue in case defendant is financially in a position to pay at a later time or subject to further order of the Court; in the event that his income, exclusive of car expense allowance, exceeds Seven Hundred ($700.00) Dollars per month, fifty percent (50%) of that income above Seven

Hundred ($700.00) Dollars per month shall be added to the monthly alimony payment and the monthly deficiency in alimony payment shall be decreased by that amount; death or remarriage shall not set aside any accrued alimony that there may be at the time of such death or remarriage." Emphasis added.

The plaintiff wife remarried in August, 1969, thereby terminating the husband's obligation under this clause. In the meantime he had paid the $100 per month due in any event, but paid nothing on the $350 balance which was, by the terms of the decree, accruing as a judgment. By the time of plaintiff's remarriage the amount due was $4,550.00.

Plaintiff took no action to enforce this judgment from its final due date in August, 1969, until she filed this action for a declaratory judgment on March 30, 1978. Unless somehow excused, her nonaction resulted in the judgment becoming dormant in August, 1974, and barred in August, 1976. K.S.A. 60-2403 and 60-2404; *Weber v. Weber*, 189 Kan. 661, 371 P.2d 147 (1962).

Under the decree plaintiff could not seek execution until defendant's income exceeded $700 per month. We need not determine whether this unique provision was valid or if it would have the effect of postponing dormancy until that contingency was met; it is undisputed that defendant's income exceeded $700 per month in every year from 1969 to the date of trial, so that plaintiff at all times had a legal right to seek enforcement.

The trial court nevertheless declared the judgment to be enforceable because defendant never *told* plaintiff that he was making over $700 per month and that she could therefore execute. The trial court's reasoning was:

"(1) The happening of the contingent event was clearly, if not solely, within the knowledge of the defendant.

"(2) The obligation to pay was determined by the Court, yet the defendant took no steps to meet that obligation.

"(3) While certain discovery tools were available to plaintiff for her to determine the happening of the event (Debtor examinations), such actions only serve to increase litigations before the Court because a debtor refuses or neglects to abide by a prior judgment of the Court.

"(4) Defendant never filed a statement of record in case No. 41263 [the divorce case] as to his income."

This, in our opinion, was fallacious. The case we find most directly in point is *Thomas v. Murray,* 174 Okla. 36, 49 P.2d 1080 (1935). That was an action for damages by a judgment creditor against his judgment debtor based on the debtor's alleged fraud-

ulent conveyance and concealment of his property, coupled with false statements by the debtor as to his assets. As a result of the fraud, it was alleged, the creditor had failed to seek execution on his judgment and under a statute like ours it had become dormant and then barred.

· The court held that a cause of action was not alleged. The statutory procedures for keeping a judgment alive and for reviving it after dormancy were said to be exclusive; the independent action there brought was an impermissible attempt to do indirectly what could not be done directly. Even the debtor's active fraud did not work an estoppel so as to prevent the bar of the statute from becoming operative.

In so holding, the Oklahoma court distinguished the judgment dormancy-revivor statutes from· ordinary statutes of limitation. Revivor statutes demand strict compliance and allow for no exceptions. For this proposition it relied on *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630 (1902), one of a line of Kansas cases which included *Reaves v. Long,* 63 Kan. 700, 66 Pac. 1030 (1901); and *Steinbach v. Murphy,* 70 Kan. 487, 78 Pac. 823 (1904). It quoted the Court in *Smalley:*

"For nearly a quarter of a century this court has held, in substance and effect, that *if for any cause* a judgment becomes dormant it can only be revived within one year from the time that such revivor could first have been had, and that in cases where execution could have been lawfully issued at the instance of the plaintiff thereon, his failure to cause such execution to issue for a period of five years after its rendition would render such judgment dormant, and thereafter it must either be sued upon or revived by motion within the following or sixth year, or it would cease to be a judgment." 64 Kan. at 820. Emphasis added.

The *Smalley* Court also observed:

"If, then, it be determined that such judgment was dormant and had been for more than one year when the suit upon it was instituted, *it does not matter for what reason it became so.* It is extinguished, and it cannot be revived in the manner prescribed by statute or form the basis of an action at law or in equity." 64 Kan. at 822. Emphasis added.

Kansas had adhered to this view over the years. See *Bourman v. Bourman,* 155 Kan. 602, 603-04, 127 P.2d 464 (1942); *First National Bank v. Harper,* 161 Kan. 536, 538, 169 P.2d 844 (1946); *First Federal Savings & Loan Assn. v. Liebert,* 195 Kan. 100, 101, 403 P.2d 183 (1965). Cases from other jurisdictions reflecting the same view are collected at 104 A.L.R. 214.

Cases cited by plaintiff dealing with equitable estoppel as

precluding a defendant from asserting an ordinary statute of limitation are not applicable here. By virtue of the statute, after seven years of inaction by plaintiff her judgment was extinguished, and there was nothing left to which equitable principles could be applied. This declaratory judgment action cannot be used to revive a judgment long dead, and the trial court therefore erred in holding otherwise.

Reversed, with directions to enter judgment for the defendant.