634 P.2d 1278

**PEERLESS INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**Charles R. DAVIS, aka C. R. Davis, and Alice Jeanette Davis, his wife, Albuquerque Federal Savings & Loan Association, Henry Lewis, Trustees, Henry Lewis, Individually, United States of America, J. P. Financial Corporation and Fidelity National Bank, Defendants-Appellees.**

No. 13126.

Supreme Court of New Mexico.

Oct. 19, 1981.

Rodey, Dickason, Sloan, Akin & Robb, Richard C. Minzner, David A. Grammer, Jr., William J. Arland, III, Albuquerque, for plaintiff-appellant.

Freedman, Boyd & Daniels, David A. Freedman, Albuquerque, for defendants-appellees.

## OPINION

RIORDAN, Justice.

Plaintiff, Peerless Insurance Company (Peerless) obtained a money judgment against appellees, C. R. Davis and Alice Jeanette Davis (Davis) on November 22, 1966, in the District Court of Bernalillo County. The judgment was docketed on December 12, 1972, and a transcript of judgment was filed and recorded in the office of the Bernalillo County Clerk on December 14, 1972.

Peerless filed suit on December 27, 1977, to enforce the 1966 judgment by foreclosing on the Davis home. Davis claims the judgment is now unenforceable because after seven years it expires if not revived pursuant to statute. Peerless claims the foreclosure proceeding was valid since the 1972 recording served to revive the judgment and to create a judgment lien on the Davis real estate.

The trial court held that the original judgment was not properly revived and the foreclosure action was not timely commenced since the filing of the transcript of

judgment in 1972 was not shown to be *for the purpose* of revival.

The revival-of-judgment statute, § 39–1–19, N.M.S.A.1978, provides:

It is not necessary to bring proceedings in any Court to revive a judgment obtained before Court of competent jurisdiction in this State. A judgment may be revived once only, by filing, for that purpose, a transcript of the judgment in the office of the county clerk in which the judgment was entered before the expiration of the limitation upon actions founded upon judgments as provided by Section 37–1–2 N.M.S.A.1978. The revival commences as of the first date when an action founded upon the judgment would, without the revival, be barred by the limitation of Section 37–1–2 N.M.S.A. 1978.

In interpreting the revival statute, the district court construed "by filing, for that purpose" to require a writing or other indication of the purpose for which the transcript of judgment was filed.

■ The disposition of this case depends on our application of statutory rules of construction. In applying these rules, we must consider the revival statute in context as it is a remedial statute. *Thompson v. Cook,* 61 Cal.App.2d 485, 143 P.2d 107 (1943). In *In re Gossets Estate,* 46 N.M. 344, 351, 129 P.2d 56, 60 (1942), we stated:

Where a statute is both remedial and in derogation of the common law it is usual to construe strictly the question of whether it does modify the common law, but its application should be liberally construed.

■ It seems clear to us, even under the strictest interpretive constraints, that the legislative intent was to replace the common law methods of reviving judgments (i. e., suits on judgments or scire facias proceedings) with the more simple, less expensive act of filing a transcript of judgment with the county clerk.

After determining that the revival statute was intended to modify the common law, we must now liberally construe its application in favor of the remedy provided.

*Id.; Albuquerque Hilton Inn v. Haley,* 90 N.M. 510, 565 P.2d 1027 (1977).

■ To rule that the statutory phrase "by filing, for that purpose" requires that the intent to revive appear on the face of the transcript or on an attached affidavit, would be contrary to the rule of construction outlined above and to the rule we announced in *State ex rel. Barela v. New Mexico State Bd. of Ed.,* 80 N.M. 220, 453 P.2d 583 (1969). We stated:

We are not permitted to read into a statute language which is not there, particularly if it makes sense as written.

*Id.* at 222, 453 P.2d at 585. *Compare Burroughs v. Board of County Commissioners, County of Bernalillo,* 88 N.M. 303, 540 P.2d 233 (1975); *Sunset Package Store, Inc. v. City of Carlsbad,* 79 N.M. 260, 442 P.2d 572 (1968).

■ Appellee also argues that even if the 1972 filing is held sufficient to revive the judgment, there is no lien on the Davis property without a second filing. Applying the *Barela* rule to Section 39–1–6, N.M.S.A. 1978, we must hold to the contrary. The filing of a transcript of judgment for the purpose of revival is also sufficient to satisfy the filing requirements of the judgment lien statute.

The trial court is reversed, and this case is remanded with instructions to proceed in a manner not inconsistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.