Marjorie B. MARK, Plaintiff-Appellee,

v.

Richard L. MARK, Defendant-Appellant.

No. 83CA1280.

Colorado Court of Appeals,
Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied April 1, 1985.

Bartholomew & Cristiano, Francis V. Cristiano, Denver, for plaintiff-appellee.

McMichael & Benedict, Mitchell Benedict III, Denver, for defendant-appellant.

SMITH, Judge.

Richard L. Mark, defendant, appeals an order of the trial court entered, *nunc pro tunc* November 15, 1982, which granted the C.R.C.P. 54(h) motion of plaintiff, Marjorie B. Mark, to revive a judgment entered November 15, 1962. We reverse and remand with directions.

On November 15, 1962, a judgment was entered against defendant in the amount of $124,751.05. This amount consisted of arrearages in child support and alimony from May 1959 to November 1962, and for bills defendant was ordered to pay. It appears that defendant made no payments on the judgment.

Plaintiff filed a motion to revive the judgment pursuant to C.R.C.P. 54(h) on June 22, 1982. Defendant was duly served with the motion and a notice to show cause pursuant to C.R.C.P. 54(h). Thereafter, in July of 1982, he filed appropriate answers raising several issues requiring determination by the court. On January 27, 1983, plaintiff requested that the court set the motion to revive for hearing. At that time the hearing was scheduled for June 20, 1983.

Plaintiff's motion was heard on June 20, although neither party appeared. At the conclusion of the hearing, the court entered its oral order, *nunc pro tunc* November 15, 1982, reviving plaintiff's 1962 judgment. A written order confirming the oral order was entered on June 29, 1983.

Defendant contends that the trial court erred, as a matter of law, by reviving the 1962 judgment after more than twenty years had passed between the date of the original judgment and the date of the order, June 29, 1983, which revived it. We agree.

C.R.C.P. 54(h) governs revival of judgments and provides in pertinent part:

"A revived judgment must be entered within twenty years after the entry of the judgment which it revives, and may be enforced and made a lien in the same manner and for like period as an original judgment...."

This rule is not, as plaintiff argues, analogous to a statute of limitation. *See Clark v. Glazer,* 4 Kan.App.2d 658, 609 P.2d 1177 (1980). Statutes of limitation merely limit the time within which aggrieved parties must seek to invoke a court's jurisdiction. Failure to request relief within the statutory time limit thus bars them from pursuing their quest for judicial relief. Such statutes operate only against the parties and do not deprive the court of its jurisdiction over either the subject matter or the parties.

In contrast, C.R.C.P. 54(h) is a rule which limits the power and jurisdiction of a court to revive a judgment. Thus, if a court does not enter a reviving judgment within the twenty-year period it loses jurisdiction to do so. It is therefore the date on which the court acts that is determinative of its jurisdiction, not the date on which a party requests revival.

Other jurisdictions have generally followed this reasoning in interpreting statutes which are similar to our rule. These cases hold that failure to enter a revived judgment within the time period established by statute deprives the court of its jurisdiction. This has been the rule even if the motion to revive the judgment was filed prior to the end of the statutory period. *See Tefft v. Citizens Bank,* 36 Kan. 457, 13 P. 783 (1887); *Youts v. Tri-State Supply Co.,* 202 Okla. 240, 211 P.2d 1017 (1949); *Bartlett Mortgage Co. v. Morrison,* 183 Okla. 214, 81 P.2d 318 (1938). Revival procedure in Colorado is governed by procedural rule rather than by statute; however, we find these cases to be persuasive. Therefore, we hold that, under the plain language of C.R.C.P. 54(h), a revived judgment must be entered *"within* twenty years after the entry of judgment which it revives...."

Plaintiff could have revived her judgment for an additional twenty year period at any time during the initial twenty years of its existence, instead she chose to wait until less than six months prior to its expiration. Although she filed her motion

prior to expiration of the twenty-year period on November 15, 1982, she did not file her notice to set until January 1983, and the court did not hear the matter until June 1983, seven months after the expiration of the twenty year period. Thus, it was without jurisdiction to revive the 1962 judgment.

■ Moreover, the court's order, *nunc pro tunc* November 15, 1982, is, in effect, an attempt to avoid the impact of the twenty-year requirement of C.R.C.P. 54(h). A trial court may not regain jurisdiction, once it has been lost, by purporting to act in the past. *Nunc pro tunc* judgments may not be used to circumvent the time requirements set forth in our procedural rules. *Dill v. County Court*, 37 Colo.App. 75, 541 P.2d 1272 (1975).

In view of our conclusion defendant's other issues need not be addressed.

The order is reversed, and the cause is remanded with directions to the trial court to set aside the revival order and to dismiss the motion to revive.

KELLY, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

The plaintiff moved to revive this unpaid judgment some five months before execution would no longer be permitted. *See* § 13–52–102(2), C.R.S. (1984 Cum.Supp.). Factual questions concerning the amount of the judgment had to be resolved. Thus, the order reviving the judgment was entered six months after the 20-year time period for revival of judgments had run. Finding that the motion was prosecuted in a timely manner, the court entered its revival order *nunc pro tunc* to the date the judgment would otherwise have expired. The majority interprets C.R.C.P. 54(h) as requiring a revival order to be entered before the expiration of 20 years following the entry of the judgment. The majority also holds that the trial court's attempt to enter the order *nunc pro tunc* to a date within the 20-year period was a nullity. Because I disagree with both of these holdings, I respectfully dissent.

To support its ruling that the order reviving the judgment must be entered within the 20-year time limit the majority relies on three old cases, one from Kansas and two from Oklahoma. However, besides their precedential impotence, these cases are concerned with the interpretation of a type of statute far different from the rule here at issue. Those statutes allowed a one-year period in which to revive a judgment after it had become "dormant." C.R.C.P. 54(h) does not address the revival of a "dormant" judgment. And, the judgment here at issue cannot be considered "dormant" since, under § 13–52–102, C.R.S., execution could issue on such judgment during the entire 20-year period following entry of the judgment.

In any event, more recent, well-reasoned cases from other jurisdictions support the interpretation I urge: *Driscoll v. Konze*, 322 S.W.2d 824 (Mo.1959); *Michael v. Smith*, 221 F.2d 59 (D.C.App.1955); *see also Smith v. Carlson*, 8 Ill.2d 74, 132 N.E.2d 513 (1956); *Thompson v. Cook*, 61 Cal.App.2d 485, 143 P.2d 107 (1943).

As noted in *Michael v. Smith, supra*, the rule which the majority adopts places on a judgment creditor an occasionally impossible task: Deciding how long it will take a matter to proceed to disposition through the courts. When one considers the delays in getting to hearing in our overcrowded trial courts plus the problems of appellate delay, the improbability of being accurate in any such prediction becomes painfully apparent.

Additionally, I would hold that § 13–81–107, C.R.S., specifically provides relief to one in the position of the plaintiff. That statute states:

"If any action or proceeding is begun within the period fixed by the applicable statute of limitations or the periods provided for in this article, then such action or proceeding may be prosecuted to final decision notwithstanding the fact that the period of limitation shall expire after the commencement and during the prosecution of such action or proceeding.

In my view, the period specified in C.R.C.P. 54(h) is covered by this statute. The rule

must be read in conjunction with § 13–52–102(2). Thus, I am not persuaded by the majority's holding, and its reliance on *Clark v. Glazer,* 4 Kan.App.2d 658, 609 P.2d 1177 (1980), that the rule is not analogous to a statute of limitations. The rule and statute being remedial in nature, must be liberally construed. *Smith v. Carlson, supra.*

Finally, regardless of the correctness of the views expressed above, I can visualize no more appropriate situation for entry of an order *nunc pro tunc,* than that involved here.

I would affirm the order of the trial court.