Frank P. SANTARELLI,
Plaintiff–Appellant,

v.

Elizabeth S. SANTARELLI,
Defendant–Appellee.

No. 91CA1244.

Colorado Court of Appeals,
Div. II.

Sept. 24, 1992.

Naylor & Geisel, P.C., Henry J. Geisel, Pueblo, for plaintiff-appellant.

Richard E. Gram, P.C., Richard E. Gram, Pueblo, for defendant-appellee.

Opinion by Judge PIERCE.

Frank Santarelli (husband) appeals an order of the trial court reviving a prior judgment for child support in arrears due Elizabeth Santarelli (wife). We affirm.

The parties were divorced in 1963. On March 11, 1963, the trial court issued a decree requiring husband to pay child support to wife in the amount of $115 per month, beginning in March of 1963. Husband failed to make support payments from March 1963 to December 1970, and, on April 8, 1971, wife obtained an order from the trial court reducing the arrears to a judgment in the amount of $8,812.50.

On April 4, 1991, the trial court granted wife's motion pursuant to C.R.C.P. 54(h) to revive the April 8, 1971, judgment. Husband now appeals the revived judgment.

## I.

Husband contends that the order of the trial court reviving the April 8, 1971, judgment was granted more than twenty years after each installment matured, and therefore, the revival was not timely under C.R.C.P. 54(h). Because each installment of child support which matured constitutes a separate judgment against him, he argues, the trial court should have entered an order of revival no later than twenty years from December 31, 1970, the date the last installment became due. Husband further contends that he received no notice of the April 8, 1971, judgment for the arrearages and, therefore, that judgment is not subject to revival. We disagree.

A revived judgment must be entered within twenty years after the entry of the judgment which it revives, otherwise the court is without jurisdiction to effect such revival. *Mark v. Mark*, 697 P.2d 799 (Colo.App.1984); C.R.C.P. 54(h).

Each installment of child support that matures pursuant to a court decree becomes a judgment debt similar to any other money judgment, and execution may issue upon it. *Burke v. Burke*, 127 Colo. 257, 255 P.2d 740 (1953); *see also In re Marriage of McCue*, 645 P.2d 854 (Colo. App.1982). The statutory period for enforcement of each installment begins to run from the due date of each installment. *Leavitt v. Smith*, 736 P.2d 1269 (Colo.App. 1987).

However, a trial court has the power to enter a judgment for the total arrearages so that execution might issue thereon. *See In re Marriage of Schutte*, 721 P.2d 160 (Colo.App.1986). Once a judg-

ment has been entered establishing a fixed sum for support payments in arrears, that judgment has the same finality as other money judgments and execution may issue upon it. *In re Marriage of Woodrum*, 618 P.2d 732 (Colo.App.1980). Also, a former spouse who has failed to make support payments is not entitled to notice of an application for a consolidated judgment for the arrears. *Burke v. Burke, supra.*

■ Because wife obtained a judgment reducing the arrears to a fixed sum on April 8, 1971, it is not necessary to look to the date each installment became due in order to determine whether the judgment may be revived. The April 8, 1971, judgment is enforceable as a final judgment within the meaning of C.R.C.P. 54(h), and thus, it may be revived. *In re Marriage of Woodrum, supra.*

Here, the trial court issued its order of revival within twenty years of the April 8, 1971, judgment. Therefore, the trial court's order of revival was timely. C.R.C.P. 54(h).

The judgment of the trial court is affirmed.

REED and RULAND, JJ., concur.