**SECURITIES INVESTOR PROTECTION CORPORATION,**
**Plaintiff–Appellee,**

**and**

**Securities and Exchange Commission; Ralph M. Clark, as Trustee for the Liquidation of Institutional Securities of Colorado, Inc., Plaintiffs,**

**v.**

**INSTITUTIONAL SECURITIES OF COLORADO, INC.; William Axel Bernhard, Defendants,**

**and**

**Abraham Goldberg, Defendant-appellant.**

**No. 01–1179.**

United States Court of Appeals,
Tenth Circuit.

May 30, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Abraham Goldberg appeals from the district court's order denying his motion for an order declaring a federal court judgment entered against him in 1978 to be deemed satisfied in full. We reverse and remand.

### FACTS

This case arises out of the liquidation of defendant Institutional Securities of Colorado, Inc. ("Institutional Securities"), a broker-dealer registered with the Securities and Exchange Commission. The liquidation was conducted pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa–78lll. On December 13, 1978, the bankruptcy court conducting the liquidation entered judgment ordering Goldberg, president and director of Institutional Securities, to pay the sum of $187,779.38 to plaintiff Ralph M. Clark, trustee for Institutional Securities.

Both Goldberg and Clark appealed from this judgment to the district court. On

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

July 21, 1982, the district court entered an amended judgment, increasing the amount Goldberg owed by $169,600, to a total sum of $357,379.38.

On May 29, 1998, plaintiff Securities Investor Protection Corporation ("SIPC")[1] filed a motion to revive the December 13, 1978 judgment, which was nearly twenty years old and in danger of expiration. Goldberg objected to revival of the judgment. On November 10, 1998, a United States magistrate judge entered an order reviving the judgment. Neither party sought review or confirmation of the magistrate judge's order from a district court judge.

On February 7, 2001, Goldberg filed his motion to have the judgment against him declared satisfied in full. Goldberg contended that the judgment was no longer enforceable because the judgment creditor had failed to obtain a district court order reviving it within the twenty-year period provided by Colo. R. Civ. P. 54(h). He argued that the magistrate judge lacked authority to revive the judgment.

The district court rejected Goldberg's argument. It found that "the revival motion was appropriately referred to [the magistrate judge] and in the absence of any timely objection to his ruling, the order became final within the twenty-year period provided by Colorado law." Jt.App. at 270.

## ANALYSIS

Authority to revive a federal court judgment is provided by Fed.R.Civ.P. 69(a)[2] and 81(b). Rule 81(b) states that relief formerly obtained through a writ of *scire facias* may be obtained by appropriate action or motion under the practice prescribed in the Rules of Civil Procedure. The relief formerly obtained through *scire facias* included the revival of judgments. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3134 (2d ed.1997). Rule 69(a) provides for "proceedings on and in aid of execution . . . in accordance with the practice and procedure of the state in which the district court is held." The revival of the December 13, 1978 judgment is therefore governed by Colorado state practice and procedure concerning the revival of judgments.

Colorado law provides that "[a] revived judgment must be entered within twenty years after the entry of judgment which it revives." *Santarelli v. Santarelli,* 839 P.2d 525, 526 (Colo.Ct.App.1992). It is the date on which the court acts that is determinative of its jurisdiction to enter a revived judgment; not the date on which a party requests revival. *Mark v. Mark,* 697 P.2d 799, 800 (Colo.App.1985). "[I]f a court does not enter a reviving judgment within the twenty-year period it loses jurisdiction to do so." *Id.* Moreover, if a judgment is not revived within the twenty-year period, no execution may be had on the judgment and the judgment shall be considered satisfied in full. Colo.Rev.Stat. § 13–52–102(2)(a). Where disputed, the

---

1. In its motion to revive the judgment, SIPC recited that it was the holder of record of the judgment. Jt.App. at 146. Goldberg does not contest this representation.

2. Rule 69(a) does not expressly discuss the revival of judgments. We have never stated, in a published case, that the rule applies in that context. At least one district court within this circuit, however, has taken this position in a well-reasoned decision. *See McCarthy v. Johnson,* 35 F.Supp.2d 846, 847 (D.Utah 1997), *aff'd,* No. 98–4003, 1999 WL 46703 (10th Cir. Feb.3, 1999); *cf. also United States v. Fiorella,* 869 F.2d 1425, 1426 n. 5 (11th Cir.1989) (applying state law in judgment revival case, citing Rule 69(a) for use of state law procedure in execution of judgment proceedings).

issue of whether a judgment is to be revived is "tried and determined by the court." Colo. R. Civ. P. 54(h).

■ SIPC did obtain an order purporting to revive the judgment within twenty years of its issue date. The only real issue in this case is whether the magistrate judge had authority to enter that order. If not, the judgment was not properly revived and should be considered satisfied in full. SIPC contends there are two possible sources for the magistrate's authority in this instance: the magistrate's authority as conferred by statute, and the magistrate's authority derived from waiver.

### 1. Statutory Authority

The statutory authority of a federal magistrate judge is described in 28 U.S.C. § 636. Section 636(b)(1)(A) authorizes a federal district judge to designate a magistrate judge to hear and determine pretrial matters, except for certain dispositive motions listed therein. Section 636(b)(1)(B) authorizes a federal district judge to designate a magistrate judge to conduct evidentiary hearings and submit proposed findings and recommendations in three types of proceedings, none of which is applicable here. Section 636(b)(3) permits the assignment to a magistrate judge of "such additional duties as are not inconsistent with the Constitution and laws of the United States." The magistrate judge's authority to revive a judgment in this case clearly arises, if at all, from § 636(b)(3).[3]

In accordance with § 636(b)(3), Colorado Federal District Court Local Rule 72.3(D) assigns certain post-judgment duties to magistrate judges. This rule provides as follows:

In civil cases each magistrate judge shall:

[y(3)27]

**D.** Act on post-judgment matters arising under Fed.R.Civ.P. 69 including:

1. Issuing writs;

2. Issuing orders directing funds to be paid into or disbursed from the registry of the court; and

3. Holding hearings *and making recommendations to the district judge on substantive issues* including the liability of a party under a writ of garnishment or execution.

(emphasis added).

Thus, the local rule establishing the magistrate judge's powers to address post-judgment matters arising under Rule 69(a) does not permit the magistrate judge to issue final orders on substantive issues.[4] Whether a judgment should be revived is certainly a substantive issue. We conclude that the magistrate judge lacked authority to enter a final order reviving the judgment. *Cf. Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879

---

**3.** The record does not contain a specific order from the district court referring the motion for revival of judgment to the magistrate for decision, and we have been unable to locate mention of such an order on the district court docket sheet.

**4.** In considering this issue, we are faced with an ambiguity in the record. While the magistrate judge's order is captioned an "order," and purports to order the revival of the judgment, the accompanying certificate of service describes it as a "recommendation." Jt.App. at 172–73. The district court docket sheet describes the document entered as an "order," as does the district court's order denying Goldberg's motion.

This issue actually has very little bearing on our result in this case. We do not rely on the fact that the magistrate judge purported to issue an "order" rather than a "recommendation." The problem here is not what the order was *called;* it is that the district court never issued an order either adopting, rejecting, or modifying the magistrate judge's disposition. *See* Fed.R.Civ.P. 72(b).

F.2d 809, 810–11 (10th Cir.1989) (holding that § 636(b)(3) and predecessor Colorado federal district court local rule did not give magistrate judge authority to issue final order resolving claims between competing creditors).

## 2. Authority conferred by waiver

■ In its appellate brief and through a motion to dismiss this appeal, SIPC has advanced an alternative argument: that Goldberg waived appellate review of the magistrate judge's order by failing to make timely objections to it before the district court. There are two problems with this argument. First, Goldberg has not appealed from the magistrate judge's order reviving the judgment. He has appealed from the district court's order denying his motion to declare the judgment satisfied in full. We have jurisdiction over this final order of the district court. *See* 28 U.S.C. § 1291.

Second, Goldberg's failure to seek review of the magistrate judge's order pursuant to Fed.R.Civ.P. 72 did not create a final, binding order reviving the judgment in this case. We recognize that a party can waive his right to have a matter determined by an Article III judge. *See, e.g., Peretz v. United States,* 501 U.S. 923, 936–39, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); *Clark v. Poulton,* 963 F.2d 1361, 1367 (10th Cir.1992). Where the district court has not acted to adopt, reject or modify a magistrate judge's recommendation or non-final order under Rule 72(b), however, the result is simply that there is no final judicial action. *See Conetta v. Nat'l Hair Care Centers, Inc.,* 236 F.3d 67, 73 (1st Cir.2001). The same lack of a final order that would prevent Goldberg from directly challenging the magistrate judge's disposi-tion in this court also prevents SIPC from relying on the magistrate judge's order as a defense to Goldberg's motion to declare the judgment satisfied in full. It was SIPC's responsibility, not Goldberg's, to obtain final judicial action on its request to revive the judgment.

## 3. Effect of amended judgment

In seeking revival of the judgment, SIPC noted an alternative argument: that the amendment of the judgment against Goldberg on July 21, 1982, had extended the twenty-year period for revival until July 21, 2002. That argument was not expressly considered by the district court, and factual issues pertinent to its resolution remain.[5] Therefore, we decline to address the issue for the first time on appeal, other than to note that it may provide SIPC with an extended period of time in which to seek revival of the judgment through an appropriate, final order on remand.

REVERSED and REMANDED for further proceedings in accordance with this order and judgment. SIPC's motion to dismiss this appeal is DENIED. The mandate shall issue forthwith.

---

5. There are contradictory indications in the record concerning whether the amendment was intended to operate nunc pro tunc, for example. *Compare* Jt.App. at 136–37, 142, *with id.* 144–45.