NOT DESIGNATED FOR PUBLICATION

No. 115,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLIE S. FIRLEY, a/k/a
KELLIE S. ROSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Mitchell District Court; KIM W. CUDNEY, judge. Opinion filed August 12, 2016. Reversed and remanded with directions.

*Lee Legleiter*, of Hampton & Royce, L.C., of Salina, for appellant.

*Mark J. Noah*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and ATCHESON, JJ.

*Per Curiam*:  Kellie S. Firley appeals the district court's denial of her petition for release of a restitution judgment and for expungement of her arrest record and conviction. Firley claims the district court erred by (1) finding that a "renewal affidavit" filed by a court trustee after the date on which the restitution judgment became dormant revived the judgment and (2) denying her petition for expungement because the restitution judgment was still outstanding. We agree with Firley on both claims; thus, we reverse the district court's judgment and remand for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 1999, pursuant to a plea agreement, Firley pled guilty to and was convicted of one count of theft by deception. On September 3, 1999, the district court sentenced Firley to 24 months' probation with an underlying sentence of 7 months' imprisonment and ordered her to pay $20,720.35 in restitution, at a rate of 9 percent interest on any unpaid balance. The district court later extended Firley's probation until August 2002 because of the substantial amount of restitution she still owed. On August 20, 2002, the district court terminated Firley's probation and discharged her, even though she had not yet paid the restitution in full. The following day, the district court entered an order assigning the restitution debt to the District Court Trustee (Trustee) for collection. There appears to have been no activity in the case for several years thereafter.

On January 29, 2010, the Trustee filed a motion for citation in contempt with an attached affidavit stating that Firley owed a balance of $23,011.26 and had made little or no attempt to pay the restitution. On February 8, 2010, the district court issued a written order directing Firley to appear and show cause why she should not be held in contempt of court for refusing to pay the restitution. That hearing was continued by agreement of the parties when the Trustee learned that Firley had filed a bankruptcy. On April 6, 2010, the district court dismissed the contempt proceedings at the Trustee's request.

On November 6, 2015, Firley filed a petition for release of the restitution judgment and for expungement of her arrest record and conviction. In the petition, Firley argued that the restitution judgment had become dormant on September 3, 2009, and, because the Trustee had not filed a motion for revivor within 2 years of the judgment becoming dormant, the judgment became void on September 3, 2011, and should be released pursuant to K.S.A. 60-2403. Firley also asked the district court to expunge her arrest and conviction record. The State filed no response.

The district court held a nonevidentiary hearing on the petition on December 7, 2015. At the hearing, Firley reiterated her argument that the restitution judgment became dormant in 2009 and void in 2011. When the district court judge asked about the Trustee's January 29, 2010, affidavit, which the judge referred to as a "renewal affidavit," Firley argued that because it was not a motion for revivor of the judgment, it did not bring the judgment back from dormancy. With respect to the expungement, Firley pointed out that she had not been arrested since the 1999 conviction, that there were no pending prosecutions against her, and that the State did not oppose expungement.

For its part, the State admitted that it had turned the judgment enforcement over to the Trustee's office and "if it's extinguished, it's extinguished." The State also noted that Kansas courts generally do not grant expungements unless the judgment has been paid. When the judge asked whether the Trustee had notice of the hearing, Firley informed the court that the Trustee had been contacted and had not "been able to go through the file." After hearing from counsel, the district judge ruled from the bench:

> "Under K.S.A. 60-2403, a judgment including restitution would become dormant 10 years after it was entered. In this case it became dormant in September of 2009. And then after the dormancy period it can be released two years later.
> "There was a renewal affidavit filed on January 29th, 2010 and no renewal affidavit in the five years following the first renewal affidavit.
> "This Court finds that the Court—that the judgment at this point in time would not be released until January of 2017. Not at this point in time because there was a renewal affidavit filed and so the request to release the judgment is denied.
> "And with a restitution judgment still in place, the request for expungement is denied."

On January 27, 2016, the district court filed its journal entry. In the journal entry, the district court specifically found that Firley's restitution judgment became dormant as of September 3, 2009, and that no motion for revivor was filed after the restitution

judgment became dormant. The district court further found that "[t]he January 29, 2010 affidavit was a renewal affidavit pursuant to K.S.A. § 60-2403(a)(2) and revived the judgment from dormancy, thereby preventing the judgment from becoming void and subject to being released." Finally, the district court found that "[b]ecause [Firley] has an outstanding, non-dormant restitution judgment, her requests for a release of judgment and expungement of arrest and conviction records are both denied." Firley timely appealed the district court's judgment.

PETITION FOR RELEASE OF RESTITUTION JUDGMENT

On appeal, Firley first claims that the district court erred when it ruled that the January 2010 affidavit revived the dormant restitution judgment. Firley contends that a renewal affidavit may not substitute for a motion for revivor, which she asserts is the only way to revive a judgment that has become dormant. Because the judgment here became dormant in September 2009 prior to the Trustee filing the affidavit, Firley argues that the affidavit could not revive the dormant judgment and that the judgment became void 2 years after becoming dormant.

The State argues, for the first time on appeal, that a stay on enforcement of the judgment by legal process tolls the time to file a renewal affidavit to prevent the judgment from becoming dormant. The State contends that federal law automatically stayed enforcement of the restitution judgment while Firley was involved in bankruptcy proceedings from 2000 to 2003, and again in 2009. According to the State, if one factors in the time Firley was in bankruptcy, the Trustee filed the renewal affidavit before the judgment became dormant and properly renewed the judgment.

This appeal requires interpretation of Kansas statutes. "Interpretation of a statute is a question of law over which appellate courts have unlimited review. The most fundamental rule of statutory construction is that the intent of the legislature governs if

4

that intent can be ascertained. [Citations omitted.]" *State v. Morrison*, 302 Kan. 804, 813, 359 P.3d 60 (2015).

We begin by noting that K.S.A. 2015 Supp. 60-2403(b), which was in effect when Firley sought to have her restitution judgment released of record, states in part: "Except for those judgments which have become void as of July 1, 2015, no judgment for . . . restitution shall be or become dormant for any purpose except as provided in this subsection." In other words, under the current statute, if a judgment for restitution was not void as of July 1, 2015, it cannot become dormant and subsequently void thereafter. Here, Firley's claim that her restitution judgment became dormant in September 2009 and void 2 years thereafter, if true, rendered her restitution judgment void before July 1, 2015. Thus, we need to examine the merits of Firley's claim.

Prior to the 2015 amendments to K.S.A. 2014 Supp. 60-2403, the statute provided that any judgment for restitution would become dormant if a renewal affidavit was not filed within 10 years from the date of the entry of the judgment. Thereafter, when a judgment remained dormant for 2 years, it was the duty of the judge to release the judgment of record when requested to do so. Specifically, K.S.A. 2014 Supp. 60-2403(d) stated:

> "If a renewal affidavit is not filed or if execution is not issued, within 10 years from the date of the entry of any judgment of restitution in any court of record in this state, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. Except as provided in subsection (b), [which addressed child support judgments,] when a judgment becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so."

Here, consistent with the provisions of K.S.A. 2014 Supp. 60-2403(d), the district court specifically found that Firley's "restitution judgment became dormant as of

5

September 3, 2009"—10 years after the district court ordered Firley to pay the restitution. The State made no attempt to challenge this finding in district court.

For the first time on appeal, the State argues that the time Firley spent in bankruptcy proceedings tolled the time until the judgment could be declared dormant, moving what it terms "the dormancy date" to December 11, 2011. To support its position, the State points to K.S.A. 2014 Supp. 60-2403(c), which provides: "The time within which action must be taken to prevent a judgment from becoming dormant does not run during any period in which the enforcement of the judgment by legal process is stayed or prohibited." In addition, a provision of the federal Bankruptcy Code, 11 U.S.C. § 362(a) (2012), mandates automatic stays of certain legal proceedings during a federal bankruptcy case, including attempts to enforce a judgment of restitution. See 11 U.S.C. § 362(a)(1) and (2). Thus, the State argues that the time during which Firley was in bankruptcy should not count when calculating when her restitution judgment became dormant.

We conclude that addressing the State's argument about Firley's bankruptcy for the first time on appeal would not be appropriate here. Generally, an appellee may present through its brief any matters for affirming the district court that were raised before, but unaddressed by, the district court. See *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 4, 176 P.3d 144 (2008). However, this case does not present a situation where the State's argument about Firley's bankruptcy was raised before, but unaddressed by, the district court. Here, the State did not challenge Firley's petition on its merits in the district court. In fact, the State did not challenge Firley's petition at all; in the very brief argument about the restitution judgment, the State merely said, "[I]f it's extinguished, it's extinguished." The district court specifically found that the restitution judgment became dormant on September 3, 2009, and focused its ruling on whether the affidavit filed after that date was sufficient to revive the judgment. Because the amount of time Firley was involved in bankruptcy proceedings was not at issue in the district court, the judge made no findings

6

regarding the amount of time the restitution judgment would have been stayed under 11 U.S.C. § 362(a), and the record is insufficient for this court to make such findings for the first time on appeal. For these reasons, we decline to consider the State's argument about the amount of time Firley may have spent in bankruptcy proceedings and whether those proceedings extended the date for which her restitution judgment became dormant.

In denying Firley's petition for release of the restitution judgment, the district court found that the restitution judgment became dormant on September 3, 2009, but the affidavit filed on January 29, 2010, revived it. Because we accept the district court's finding as to the date the judgment became dormant, the question that remains is whether the district court erred in ruling that the affidavit was sufficient to revive the dormant judgment. Several statutes are implicated in resolving this issue.

K.S.A. 2015 Supp. 60-2403(a)(2) defines a "renewal affidavit" as "a statement under oath, signed by the judgment creditor or the judgment creditor's attorney, filed in the proceedings in which the judgment was entered and stating the remaining balance due and unpaid on the judgment." K.S.A. 2014 Supp. 60-2403(d), quoted above, allowed that filing a renewal affidavit within the 10-year period from the date the judgment was entered would extend the time before the judgment became dormant. The affidavit filed here, however, was filed *after* the judgment became dormant. When a judgment becomes dormant, the judgment holder may revive the judgment as described in K.S.A. 60-2404:

> "A dormant judgment may be revived and have the same force and effect as if it had not become dormant if the holder thereof files a motion for revivor and files a request for the immediate issuance of an execution thereon if such motion is granted. . . . A judgment may also be revived by the filing of a written stipulation of revivor signed by all of the parties affected thereby."

As stated above, the most fundamental rule of statutory construction is that the intent of the legislature governs if this court can ascertain it. See *Morrison*, 302 Kan. at

7

813. Courts first attempt to ascertain legislative intent by examining the statutory language and giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). When the language is plain and unambiguous, appellate courts should not speculate about the legislative intent behind it and, if the language is not ambiguous, courts need not resort to statutory construction. 298 Kan. at 738-39.

Consistent with these rules of statutory interpretation, Kansas appellate courts have long recognized that the procedure to revive a judgment under K.S.A. 60-2404 requires strict compliance. See *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 646, 270 P.3d 1074 (2011). "If a judgment becomes dormant it can only be revived within the time and in the manner prescribed by K.S.A. 60-2404. If, for whatever reason, this is not done, under K.S.A. 60-2403 the judgment is extinguished and its enforcement is barred." *Clark v. Glazer*, 4 Kan. App. 2d 658, Syl. ¶ 1, 609 P.2d 1177 (1980); see also *State v. Morrison*, 28 Kan. App. 2d 249, 252-53, 14 P.3d 1189 (2000) (reciting "well established" law in Kansas regarding dormancy of judgments); *Long v. Brooks*, 6 Kan. App. 2d 963, 966, 636 P.2d 242 (1981) ("[R]evivor of dormant judgments can only be accomplished by a combination of [1] a motion for revivor, coupled with [2] a request for the immediate issuance of an execution, garnishment or attachment.").

As Firley argued in district court and now on appeal, the affidavit filed on January 29, 2010, does not satisfy the statutory requirements to revive a dormant judgment. Initially, although the parties and the district court generally refer to the January 2010 affidavit as a "renewal affidavit," the affidavit is insufficient as to form because it was not signed under oath by either the judgment creditor or the judgment creditor's attorney. See K.S.A. 2015 Supp. 60-2403(a)(2). More importantly, K.S.A. 60-2404 mandates that a dormant judgment may only be revived by a "motion for reviver" filed with "a request for the immediate issuance of an execution thereon if such motion is granted" or "by the filing of a written stipulation of revivor signed by all the parties affected thereby." The affidavit upon which the district court relied to revive the dormant judgment met none of

these requirements. Instead, the affidavit was filed with a motion for citation in contempt, a pleading which this court previously has held is insufficient to revive a dormant judgment. See *Long*, 6 Kan. App. 2d at 966.

Because K.S.A. 60-2404 demands strict compliance, the district court erred by ruling that the January 2010 affidavit revived the dormant judgment. Since there was no motion for revivor or written stipulation filed within the 2 years after the judgment became dormant on September 3, 2009, the judgment became void on September 3, 2011, and should have been released by the district court when Firley requested it to do so. See K.S.A. 2014 Supp. 60-2403(d); K.S.A. 2015 Supp. 60-2403(a)(1). Thus, we reverse the district court's order denying Firley's petition for release of the restitution judgment and remand with directions for the district court to release the judgment.

PETITION FOR EXPUNGEMENT

Next, Firley argues that because the district court erred in finding that the January 2010 affidavit revived the dormant judgment, it necessarily erred when it ruled that the judgment prohibited expungement and denied her petition for expungement of her arrest record and conviction. The State merely asserts that because the affidavit revived the restitution judgment, the district court correctly denied the petition for expungement.

An appellate court reviews a district court's denial of a petition for expungement for abuse of discretion. See *State v. Sandstrom*, 273 Kan. 558, 561, 44 P.3d 434 (2002). A court abuses its discretion if it takes action that is "based on an error of law, *i.e.,* the discretion is guided by an erroneous legal conclusion." *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016). Here, the district court denied Firley's expungement petition based solely on its ruling that the restitution judgment was still outstanding. For the reasons we have explained, that ruling was legally erroneous. It follows that the district court abused its discretion for the reason given to deny Firley's petition for expungement.

9

As Firley notes, because the district court based its ruling solely on its belief that the restitution judgment was outstanding, it did not receive any evidence on or consider the merits of Firley's petition for expungement pursuant to K.S.A. 2015 Supp. 21-6614. Thus, we reverse the district court's order denying Firley's petition for expungement and remand with directions for the district court to consider the petition on its merits. See *State v. Neil*, No. 113,708, 2015 WL 9302893, \*5 (Kan. App. 2015) (unpublished opinion) (vacating and remanding for further proceedings where district court abused its discretion in basing its denial of a petition for expungement on an error of law).

Reversed and remanded with directions.